**Michael Ray INGRAM, Plaintiff-Appellant,**

v.

**Marilyn J. PAPALIA; and Chase Riveland, Defendants-Appellees.**

No. 85–2589.

United States Court of Appeals, Tenth Circuit.

Nov. 6, 1986.

---

Michael Ray Ingram, pro se.

Gordon L. Vaughan, of Hall & Evans, Colorado Springs, Colo., for defendants-appellees.

Before BARRETT and BALDOCK, Circuit Judges, and CONWAY, District Judge.*

PER CURIAM.

In accordance with 10th Cir.R. 9(e) and Fed.R.App.P. 34(a), this appeal came on for consideration on the briefs and record on appeal.

This is an appeal from an order of the district court dismissing plaintiff's civil rights complaint.

Plaintiff filed his complaint December 21, 1984, in which he alleged (1) he was dismissed from his prison job without the required procedural due process guarantees of notice and a hearing; (2) defendant Papalia retaliated against him after he had served her with a notice of intent to sue her if he were not returned to his job; and (3) his rights under the Eighth Amendment prohibition against cruel and unusual punishment were violated as the dismissal had had a "negative effect" on his life and

rehabilitation and had caused "severe emotional distress." He requested a declaratory judgment, injunctive relief against defendant Riveland, compensatory damages of $1,000 and punitive damages of $100 from defendant Papalia, and costs.

On July 1, 1985, an evidentiary hearing was held before the magistrate. On August 26, 1985, in accordance with the magistrate's recommendation, the district court dismissed the complaint on the grounds that the removal of plaintiff from his job was a matter within the discretion of the prison officials and raised no constitutional issues as plaintiff had no property or liberty right to his prison job.

On appeal, plaintiff argues that defendants defaulted by not responding within twenty days after the service of the summons in accordance with Fed.R.Civ.P. 12. Plaintiff states that because of defendants' default and his illnesses he did not move for discovery and, therefore, was not prepared for the evidentiary hearing. Default is a matter for the court's discretion. Plaintiff cannot assume a default and act in accordance with his assumption. Absent a ruling by the court, no default was present.

Plaintiff also argues that the court erred in holding that he had no property or liberty interest in his job. The Supreme Court has held that "[a]s long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." *Montanye v. Haymes,* 427 U.S. 236, 242, 96 S.Ct. 2543, 2547, 49 L.Ed.2d 466 (1976). The Constitution does not create a property or liberty interest in prison employment. *Adams v. James,* 784 F.2d 1077 (11th Cir.1986); *Gib-*

---

* The Honorable John E. Conway, United States District Judge for the District of New Mexico, sitting by designation.

son v. McEvers, 631 F.2d 95 (7th Cir.1980); *Altizer v. Paderick*, 569 F.2d 812 (4th Cir.), *cert. denied*, 435 U.S. 1009, 98 S.Ct. 1882, 56 L.Ed.2d 391 (1978); *Bryan v. Werner*, 516 F.2d 233 (3d Cir.1975); *see also Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Therefore, any such interest must be created by state law by "language of an unmistakably mandatory character." *Hewitt v. Helms*, 459 U.S. 460, 471, 103 S.Ct. 864, 871, 74 L.Ed.2d 675 (1983). Colorado law does not create a protected property or liberty interest to either employment in any particular job or continued employment in any particular job. Colo.Rev.Stat. § 17–24–102 and § 17–24–102(1). Plaintiff has no entitlement to protection under the due process clause.

Plaintiff also argues that (1) the Department of Corrections regulation under which he was removed was not promulgated pursuant to the Colorado Administrative Procedure Act; (2) the magistrate was prohibited from hearing defendants' verbal motion to dismiss; (3) defendant Riveland was a proper defendant as he approved or acquiesced in the procedure used to remove him from his job; (4) the court failed to rule on either his motion to strike the court's order granting the defendants' motion for an extension of time to file an answer or his motion to set aside the order of August 26, 1985, thereby violating his right to petition the court; (5) the admission of certain exhibits in the evidentiary hearing was in error as they were unverified reports; and (6) it was error not to appoint counsel because plaintiff was a member of the class in *Ramos v. Lamm*, 639 F.2d 559 (10th Cir.1980), *cert. denied*, 450 U.S. 1041, 101 S.Ct. 1759, 68 L.Ed.2d 239 (1981), and *Marioneaux v. Colorado State Penitentiary*, 465 F.Supp. 1245 (D.Colo.1979).

These arguments are without merit.

The judgment of the United States District Court for the District of Colorado is AFFIRMED. *See* 10th Cir.R. 17(b).

The mandate shall issue forthwith.