940 F.2d 671
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
ret Steven KLEIN, Plaintiff-Appellant,
v.
Frank GUNTER, Official Capacities, Lou Hesse, Official
Capacities, Greg Boodakian, Official Capacities, Joe
Paolino, Official Capacities, Frank (I) Gunter, and in their
individual capacities, Lou (I) Hesse, and in their
individual capacities, Greg (I) Boodakian, and in their
individual capacities, Joe (I) Paolino, and in their
individual capacities, Defendants-Appellees.
 No. 91-1127.
 United States Court of Appeals, Tenth Circuit.
 July 31, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Bret Steven Klein appeals the district court's dismissal of his 42 U.S.C. Sec. 1983 claims against various officials of the Centennial Correctional Facility, Canon City, Colorado. Plaintiff, a prison inmate, alleged in his complaint that defendants denied him due process and deprived him of equal protection under the Fourteenth Amendment when they removed him from his job at the prison print shop that paid him $2 per day and seventy-six days later assigned him to work in the kitchen, which paid seventy-two cents per day. He based his claim on Colorado statutes which provide that an able-bodied inmate be kept at the work "most suitable to his capacity," Colo.Rev.Stat. Sec. 17-20-117, and that he shall perform labor "under such rules and regulations as may be prescribed by the department [of corrections]," id. Sec. 17-20-115. Plaintiff also relies upon the consent decree entered pursuant to Ramos v. Lamm, 485 F.Supp. 122, 157 (D.Colo.1979), aff'd in part, vacated in part on other grounds, 639 F.2d 559 (10th Cir.1980), which requires the prison to provide work programs for at least ninety percent of "eligible prisoners," defined as general population inmates, but excluding those unable to work for some "medical or security reason." See I R. tab 5 at 2. Plaintiff admits he was removed from the print shop job because of a change in prison policy to close such jobs to maximum security inmates. See I R. tab 3 at 3. The magistrate judge was of the opinion, citing Ingram v. Papalia, 804 F.2d 595, 596-97 (10th Cir.1986), that plaintiff has no constitutional right to prison employment and recommended dismissal of his complaint. The district court affirmed and plaintiff appealed.
 
 
 3
 After examining the record and the applicable law, we agree with the district court that plaintiff has failed to show that he was deprived of any constitutional rights. Ingram held that neither the Fourteenth Amendment nor Colorado law creates a protected property or liberty interest in prison employment. 804 F.2d at 596-97. While that decision did not cite the Colorado statutory provisions relied upon by plaintiff, the statute it did cite, Colo.Rev.Stat. Sec. 17-24-102, is substantially identical in its requirements to Secs. 17-20-115 and 17-20-117. We note particularly that Sec. 17-20-115 defers to the rules of the Colorado Department of Corrections, and plaintiff admits he lost his job because of a policy or rule change. Plaintiff's allegations that he "was not offered a job equal to the one taken while some other inmates were" and that he "suffered a sibstantial [sic] cut in pay," I R. tab 3 at 3, fail to provide a sufficient basis for an equal protection claim. Prisoners are not members of a protected group under the Equal Protection Clause. See Ruark v. Solano, 928 F.2d 947, 949 (10th Cir.1991).
 
 
 4
 AFFIRMED.
 
 
 5
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3