978 F.2d 1268
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Robert WOJTKIEWICZ, Plaintiff-Appellant,
v.
Frank O. GUNTER, Executive Director; William Price, Warden;
Frank Miller, Deputy Warden; Bill Burdges, Programs
Manager; Nard Robinette, Program Manager; Timothy Ritter,
named as Timothy R. Ritter, Hearing Officer; David P.
Watkins, Captain, Disciplinary Officer; Tom Arguello,
Lieutenant, Hobby Shop Technician; Larry Young, Officer,
all in their individual (personal) capacities, Defendants-Appellees.
 No. 92-1240.
 United States Court of Appeals, Tenth Circuit.
 Oct. 23, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Wojtkiewicz, a Colorado state inmate, filed a pro se civil action against several penitentiary officials based upon 42 U.S.C. § 1983. The trial court granted summary judgment in favor of the defendants and Mr. Wojtkiewicz appeals this decision, pro se. We affirm.
 
 
 3
 Mr. Wojtkiewicz was assigned to the penitentiary hobby shop as a woodworker and received a nominal wage for this work. An investigation revealed that Mr. Wojtkiewicz had distributed 183 illegal mirrors and 83 illegal frames. Disciplinary proceedings were instituted charging Mr. Wojtkiewicz with a violation of prison regulations concerning bartering and theft. At this hearing the charges were dismissed after it was discovered that Mr. Wojtkiewicz had not timely received notice of the charges and the charges failed to specify what property Mr. Wojtkiewicz had stolen. The case was then "remanded" by a higher prison official for another hearing. Amended charges were prepared and served upon Mr. Wojtkiewicz alleging a violation of the prison regulations concerning unauthorized possession of the mirrors and frames. Adequate notice was given and a full and complete hearing was held. Mr. Wojtkiewicz was found to have violated the regulation and was penalized with the loss of twenty days "good time." Mr. Wojtkiewicz also suffered the loss of his prison job and the loss of his single bunk cell.
 
 
 4
 Mr. Wojtkiewicz then commenced this action alleging a due process violation of both his liberty and property interests. Defendants filed a motion for summary judgment supported by the appropriate evidentiary matters and Mr. Wojtkiewicz responded, in part, by claiming he did not have to present his evidence until trial.
 
 
 5
 The district court entered its order and in relevant part stated as follows:
 
 
 6
 Plaintiff clearly received the process that was due under Wolff v. McDonnell, 418 U.S. 539 (1974). In addition, there was "some evidence" in the record supporting the disciplinary board's findings. Superintendent of the Massachusetts Correctional Institution v. Hill, 472 U.S. 445, 454 (1985). Finally, the plaintiff has no constitutional right either to employment, Ingram v. Papalia, 804 F.2d 595, 596-97 (10th Cir.1986), or in not being double bunked, Rhodes v. Chapman, 452 U.S. 337 (1981); Bailey v. Shillinger, 828 F.2d 651 (10th Cir.1987).
 
 
 7
 Mr. Wojtkiewicz thereupon filed a motion to reconsider asserting the second administrative hearing placed him in double jeopardy. The district court answered this assertion in a second order stating:
 
 
 8
 Plaintiff further argues that his right to be free from double jeopardy was violated. Plaintiff contends that after the prison officials presented their first case against him the hearing officer dismissed the initial charges of theft and bartering for lack of evidence. He maintains that the second hearing on the possession charge placed him in double jeopardy.
 
 
 9
 A review of the hearing officer's disposition of charges reveals that the initial charges were dismissed for failure to comply with the ten day notice rule and for failure to state in the notice of charges what items the plaintiff allegedly stole. The Double Jeopardy Clause is limited to criminal prosecutions. Breed v. Jones, 421 U.S. 519 (1975). Prison disciplinary proceedings are not criminal prosecutions and the full panoply of rights due a defendant in criminal proceedings do not apply. Wolff v. McDonnell, 418 U.S. 539 (1974). The decision to order a rehearing is not actionable under the Double Jeopardy Clause. Gorman v. Moody, 710 F.Supp. 1256, 1266 (N.D.Ind.1989).
 
 
 10
 Mr. Wojtkiewicz appeals these decisions asserting: (1) he failed to receive the written disposition of the first charges within the time limits prescribed by prison regulation; (2) the second charges were filed later than the prison regulations allowed as the applicable regulations require charges to be filed within ten days of the discovery of the offense and as the regulations provide that charges must be amended within twenty-four hours; (3) he was placed in double jeopardy with the second hearing; (4) it is improper for a trial court to rule on a motion for summary judgment without a hearing; and (5) there exists a genuine issue of material fact which would defeat the summary judgment.
 
 
 11
 When we review a summary judgment we apply the same standard utilized by the trial court and we give no deference to the trial court's decision. We examine the record to determine whether any genuine issue of material fact exists and, if not, we look to see if the substantive law was correctly applied.
 
 
 12
 We have examined the record on appeal and agree with the trial court's determination that there exists no genuine issue of material fact. The fact Mr. Wojtkiewicz may have received the written disposition of the first charges later than allowed by the regulations is harmless as Mr. Wojtkiewicz has pointed out no injury or harm which would befall him because of this alleged violation. We will assume, solely for the purpose of deciding this case, that the amended charges were prepared, filed, and served upon Mr. Wojtkiewicz approximately thirty days after discovery of the violation, which would be twenty days later than the prison regulations allegedly allow. Further, we will assume the amended charges do not relate back to the original charges.
 
 
 13
 The mere fact that a prison violates its own rules does not create a due process violation. United States v. Caceres, 440 U.S. 741 (1979). This could occur only if the plaintiff can show an independent constitutional violation occurred, selective enforcement of the rules, or substantial reliance on the agency regulation. Stated somewhat differently Mr. Wojtkiewicz bears the burden of showing that a right secured by the federal constitution was taken from him, a greater burden than showing a violation by a prison of its own rules.
 
 
 14
 In Wolff v. McDonnell, 418 U.S. 539 (1974), the Supreme Court spelled out the procedural due process a state owes its prisoners. In part, these rights include advance written notice of the charges no less than twenty-four hours before the hearing; a written statement by the fact-finder as to the evidence relied on and the reasons for the disciplinary action; and that the inmate should be allowed to call witnesses and present evidence in his defense. The record on appeal clearly and unequivocally establishes Mr. Wojtkiewicz was afforded these basics rights. A federal court does not sit to assure a state prison strictly enforces its own regulations; rather, it sits to assure a state does not violate a prisoner's rights under federal law. Mr. Wojtkiewicz asserts every violation by a prison of its own procedural regulations is a violation of a prisoner's due process rights. Mr. Wojtkiewicz misperceives the law in making this assertion.
 
 
 15
 Mr. Wojtkiewicz' remaining assertions warrant little discussion. The trial court correctly applied the substantive law and the decision is AFFIRMED for substantially the same reasons set forth by the trial court in its two orders. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3