991 F.2d 805
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 John A. MOSIER, Plaintiff-Appellant,
v.
Denise SPEARS, Defendant-Appellee,
and
Jon DOE, Jane Doe, Defendants.
 No. 92-7147.
 United States Court of Appeals, Tenth Circuit.
 April 20, 1993.
 
 Before LOGAN, MOORE and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(e); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff John A. Mosier, a state prisoner, filed suit for damages and other relief under 42 U.S.C. § 1983 against the defendant claiming she deprived him of due process when she ordered his removal from a job within the prison. The district court granted summary judgment for the defendant, and plaintiff appealed. We affirm.
 
 
 3
 The crux of Mr. Mosier's complaint is his contention that he acquired a liberty interest in his prison job that could not be taken from him without benefit of due process. This contention is without foundation. We have said, "[t]he Constitution does not create a liberty interest in prison employment." Ingram v. Papalia, 804 F.2d 595, 596 (10th Cir.1986). Also see Twyman v. Crisp, 584 F.2d 352, 356 (10th Cir.1978). Without the implication of a liberty interest, Mr. Mosier's case fails.
 
 
 4
 AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3