**Robert T. HASTON, Plaintiff,**

v.

**Winfield A. TATHAM, et al., Defendants.**

No. 91–C–332 B.

United States District Court,
D. Utah, C.D.

Jan. 19, 1994.

Robert T. Haston, pro se.

Frank D. Mylar, Salt Lake City, for defendant.

## ORDER

BENSON, District Judge.

Before the court is Defendants' Motion for Summary Judgment. This matter was referred to Magistrate Judge Ronald N. Boyce pursuant to 28 U.S.C. section 636(b)(1)(B). The Magistrate Judge issued a Report and

Recommendation in which he concluded that defendants' motion should be granted. Plaintiff has not filed an objection to the Report and Recommendation.

After having reviewed the Magistrate Judge's Report and Recommendation, all other related documents of record, and relevant case law, the court finds that the Magistrate Judge was correct in his legal interpretation and factual conclusions. Based on this finding, the court accepts the Report and Recommendation pursuant to 28 U.S.C. section 636(b)(1)(C). Accordingly, IT IS HEREBY ORDERED that the December 28, 1993 Report and Recommendation of the Magistrate Judge is adopted in its entirety. Defendants' Motion for Summary Judgment is GRANTED.

Dated this 19th day of January, 1994.

## REPORT & RECOMMENDATION

BOYCE, United States Magistrate Judge.

Plaintiff, a former inmate at the Utah State Prison (USP), filed suit under 42 U.S.C. §§ 1983, 1985 against defendant Tatham, the director of Utah Correctional Industries (UCI). Subsequently, plaintiff filed an amended complaint adding Lilian Anthony, Daniel A. Randall, Eldon DeHaan, and Evonne Dehaan, employees of UCI, as defendants. Plaintiff alleged that defendants discriminated against him in hiring decisions because of his disability. (Am.Compl., file entry 32.) The case was referred to the magistrate judge under 28 U.S.C. § 636(b)(1)(B) and is presently before the court on defendants' motion for summary judgment.

Plaintiff states that he is disabled as a result of chronic obstructive pulmonary disease and chronic alcoholism. Over a period of time, plaintiff applied to UCI for several clerical jobs at the USP, but was not hired for any of the positions. Plaintiff alleges that in refusing to hire him, defendants discriminated against him because of his disabilities in violation of the equal protection clause of the Fourteenth Amendment, the Americans with Disabilities Act of 1990, the Utah Right to Work Law, and the Utah Anti–Discriminatory Act.

## STANDARD FOR SUMMARY JUDGMENT

Summary judgment should be entered if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

■ A party moving for summary judgment bears the initial burden of informing the court of the basis of its motion. It may do so by identifying portions of the record that demonstrate that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). In response, the nonmoving party must "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322, 106 S.Ct. at 2552. If the nonmoving party fails to meet this burden, summary judgment is mandated. *Id.* In such a case, no genuine issue of material fact exists because a complete failure of proof of an essential element of the party's claim necessarily renders all other facts immaterial. *Id.* at 322–23, 106 S.Ct. at 2552.

## DISCUSSION

*Official Capacity Suit*

■ Plaintiff has sued the defendants in both their individual and official capacities. Insofar as he seeks damages, plaintiff may not maintain a suit against defendants in their official capacities. A suit against an officer in his official capacity is the equivalent of suing the entity which he represents. *Hafer v. Melo*, —— U.S. ——, ——, 112 S.Ct. 358, 361, 116 L.Ed.2d 301 (1991); *Kentucky v. Graham*, 473 U.S. 159, 165–66, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985); *Brandon v. Holt*, 469 U.S. 464, 471–72, 105 S.Ct. 873, 878, 83 L.Ed.2d 878 (1985); *Schaefer v. Wilcock*, 676 F.Supp. 1092, 1098 (D.Utah 1987). In other words, a suit against a state official in his official capacity is the same as suing the state. *Hafer*, —— U.S. at ——, 112 S.Ct. at 361.

A state cannot be sued under section 1983 for two reasons. First, unless the state consents, the Eleventh Amendment bars suit against a state in federal court. *Quern v. Jordan,* 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979); *Edelman v. Jordan,* 415 U.S. 651, 662–63, 94 S.Ct. 1347, 1355, 39 L.Ed.2d 662 (1974); *Seibert v. Oklahoma ex rel. Univ. of Okla. Health Sciences Center,* 867 F.2d 591, 594 (10th Cir.1989). Eleventh Amendment immunity extends to the state, its instrumentalities, and its officers in their official capacities. *See Mt. Healthy City School Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 280, 97 S.Ct. 568, 572, 50 L.Ed.2d 471 (1977); *Meade v. Grubbs,* 841 F.2d 1512, 1525 (10th Cir.1988). Second, neither a state nor state officials sued in their official capacities for damages are "persons" under 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989); *Hafer,* —— U.S. at ——, 112 S.Ct. at 362.

*Personal Participation*

Defendant Tatham states that plaintiff has failed to establish an affirmative link between his actions and the alleged discrimination. In order to prevail on a section 1983 claim, a plaintiff must show that the defendant personally participated in the alleged deprivation of protected rights. *Rizzo v. Goode,* 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976); *Durre v. Dempsey,* 869 F.2d 543, 548 (10th Cir.1989); *Meade,* 841 F.2d at 1527–28. A defendant may not be held liable on a theory of respondeat superior. *Meade,* 841 F.2d at 1527–28.

In the instant case, plaintiff has failed to show the personal participation of defendant Tatham. At the time relevant to this suit, defendant Tatham was the director of UCI. (Tatham aff. ¶ 2, file entry 57.) As director, his responsibilities included organizational decisions, finances, operations, and other management related duties. (*Id.* ¶ 3.) Defendant Tatham states that he did not personally participate in the consideration of any of plaintiff's job applications. (*Id.* ¶ 14.) Further, he states that during his tenure as director of UCI, there was no policy, either express or implied, permitting discrimination against inmates with handicaps. (*Id.* ¶ 6.)

Plaintiff alleges that defendant Tatham is responsible for hiring policies and for seeing that UCI officials adhere to them. However, there is no allegation that UCI hiring policies were unconstitutional or that UCI officials routinely failed to apply the policies with the knowledge or acquiescence of defendant Tatham. Plaintiff also alleges that defendant Tatham was responsible for the formulation and implementation of affirmative action policies. However, there was no constitutional or other requirement that UCI have an affirmative action policy. Since plaintiff has provided no facts demonstrating the personal participation of defendant Tatham in the alleged violations, defendant Tatham is entitled to summary judgment.

*Equal Protection*

Plaintiff alleges that defendants discriminated against him in violation of the equal protection clause. Although prisoners have no constitutional right to a job, prison officials may not discriminate in job assignments on the basis of disability. *Franks v. Oklahoma State Indus.,* 7 F.3d 971, 972 (10th Cir.1993); *Williams v. Meese,* 926 F.2d 994, 998 (10th Cir.1991); *Ingram v. Papalia,* 804 F.2d 595, 596 (10th Cir.1986).

In order to establish an equal protection violation, plaintiff must show that defendants had a discriminatory purpose in deciding not to hire him. *Welsh v. City of Tulsa, Okla.,* 977 F.2d 1415, 1419–20 (10th Cir.1992); *Lewis v. City of Ft. Collins,* 903 F.2d 752, 755 & n. 1 (10th Cir.1990). *See Village of Arlington Heights v. Metropolitan Hous. Dev. Corp.,* 429 U.S. 252, 265, 97 S.Ct. 555, 563, 50 L.Ed.2d 450 (1977). Discriminatory purpose means that the decisionmaker must have selected a particular course of action because of, rather than in spite of, its adverse effect upon an identifiable group. *Personnel Adm'r v. Feeney,* 442 U.S. 256, 279, 99 S.Ct. 2282, 2296, 60 L.Ed.2d 870 (1979); *Welsh,* 977 F.2d at 1420.

Defendants deny that plaintiff's alleged disability was a factor in their hiring decisions. (Randall aff. ¶¶ 5–6, 11–12, file entry 61; Evonne DeHaan aff. ¶¶ 7–9, file

entry 60; Eldon DeHaan aff. ¶¶ 7–9, file entry 59; Anthony aff. ¶ 10, file entry 58.) On the contrary, defendants assert that plaintiff was not hired because he was not the most qualified applicant for the positions for which he applied and because first offenders are given priority in the hiring process.[1] Defendants have provided affidavits setting forth the qualifications of the inmates who were hired for the jobs for which plaintiff applied, together with copies of plaintiff's job applications. (See defs.' affs.) In each case, the individual who was hired appears to be better qualified for the position than plaintiff.

■ In opposing a motion for summary judgment, a party may not rest on the allegations in its pleadings, but must come forward with specific facts to show that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Although plaintiff alleges that defendants discriminated against him in the hiring process because of his alleged disabilities, he has provided no facts to show that defendants acted with a discriminatory intent. Plaintiff merely alleges that he has a disability; he applied for jobs through UCI; and he was not hired. Based on this, plaintiff asserts that he was not hired because of his disabilities. This conclusory allegation is insufficient to overcome a motion for summary judgment.

■ Furthermore, even if plaintiff could show discriminatory intent, his claims could not survive the summary judgment motion. For purposes of equal protection analysis, persons with disabilities do not constitute a suspect class. *Welsh*, 977 F.2d at 1420; *De-Vargas v. Mason & Hanger–Silas Mason Co., Inc.*, 844 F.2d 714, 725 (10th Cir.1988). As discussed, there is no fundamental right to prison employment. *See Franks*, 7 F.3d at 972; *Williams*, 926 F.2d at 998; *Ingram*, 804 F.2d at 596. Thus, the refusal to hire plaintiff violated his right to equal protection only if it was not rationally related to a legitimate goal. *Welsh*, 977 F.2d at 1420; *DeVargas*, 844 F.2d at 725.

UCI has a legitimate goal of hiring the most qualified applicants. *See Welsh*, 977 F.2d at 1420. The evidence submitted by defendants demonstrates that the applicants who were hired were better qualified than plaintiff. Plaintiff has not disputed that the inmates selected for the jobs had better qualifications. Since defendants' hiring decisions were rationally related to a legitimate goal, their failure to hire plaintiff did not violate his right to equal protection.

*Americans with Disabilities Act*

■ Plaintiff claims that defendants' failure to hire him violated the Americans with Disabilities Act of 1990 (ADA). However, it is doubtful that the ADA applies in the case of a disabled prisoner who seeks prison employment.

The Tenth Circuit has stated that an inmate's relationship with corrections industries officials arises out of his status as a prisoner rather than his status as an employee. *Williams*, 926 F.2d at 997; *Franks*, 7 F.3d at 972. Although the relationship contains elements commonly present in an employment relationship, it ensues from the inmate's having been convicted and sentenced to prison in the defendants' correctional institution. The principal purpose of their association is imprisonment, not employment. *Williams*, 926 F.2d at 997; *Franks*, 7 F.3d at 972. See *Franks*, 7 F.3d 971 (holding that an inmate is not an "employee" under the Fair Labor Standards Act (FLSA)); *Williams*, 926 F.2d at 997 (holding that an inmate is not an "employee" under Title VII, the Equal Pay Act of 1963, the Rehabilitation Act of 1973, or the Age Discrimination in Employment Act). Nevertheless, the court need not decide the question whether the ADA is applicable to inmate employment.

The ADA did not become effective until twenty-four months after its enactment (July 26, 1990) or July 26, 1992. See section 108 of Pub.L. 101–336 set out as a note under 42 U.S.C.A. § 12111 (Supp.1993). The events of which plaintiff complains occurred prior to that time. The last job application submitted by plaintiff was accepted on February 5,

---

**1.** Plaintiff previously was incarcerated in Idaho on a prior conviction. (See job application., ex. N to Randall aff.)

1991. (See application, ex. P to Randall aff.) Since the ADA did not become effective until after the events at issue, defendants are entitled to summary judgment on this claim.

*Section 1985*

 Plaintiff also attempts to state a claim under 42 U.S.C. § 1985. In order to succeed under section 1985, a plaintiff must demonstrate race or class-based animus. See *Griffin v. Breckenridge,* 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971); *United Bhd. of Carpenters & Joiners of America, Local 610, AFL–CIO v. Scott,* 463 U.S. 825, 834–35, 103 S.Ct. 3352, 3359, 77 L.Ed.2d 1049 (1983). Plaintiff apparently alleges that he is a member of a class consisting of disabled individuals. However, courts have concluded that disabled or handicapped persons do not constitute a class entitled to protection under section 1985. *Wilhelm v. Continental Title Co.,* 720 F.2d 1173, 1174–77 (10th Cir.1983), *cert. denied,* 465 U.S. 1103, 104 S.Ct. 1601, 80 L.Ed.2d 131 (1984); *D'Amato v. Wisconsin Gas Co.,* 760 F.2d 1474, 1485–87 (7th Cir. 1985); *Cain v. Archdiocese of Kansas City, Kan.,* 508 F.Supp. 1021, 1026–27 (D.Kan. 1981). Therefore, plaintiff cannot succeed on this claim.

*State Claims*

Plaintiff has alleged that the actions of defendants violated his rights under Utah law. Since no federal claim exists, this court will not entertain a supplemental state claim. See 28 U.S.C. § 1367; *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Accordingly, plaintiff's state claims should also be dismissed.

## RECOMMENDATION

Since no genuine issue of material fact exists, defendants are entitled to summary judgment as a matter of law. Accordingly, defendants' motion for summary judgment should be granted.

Copies of this Report and Recommendation are being mailed to the parties, who are hereby notified that they have the right to object to the Report and Recommendation. The parties are further notified that they must file any objections to the Report and Recommendation within ten (10) days after receiving it.

DATED this 28th day of December, 1993.