16 F.3d 415
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Freddy L. FOOTS, Plaintiff-Appellant,
v.
M.E. HUBBLE, Unit Manager; R. Mundt, A.W. (I); J. Harrell,
A.W. (C); Gary L. Henman, Warden, Defendants-Appellees.
 No. 93-3228.
 United States Court of Appeals, Tenth Circuit.
 Jan. 28, 1994.
 
 ORDER AND JUDGMENT[1]
 Before LOGAN, SETH and BARRETT, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Freddy L. Foots brought a Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), action against the warden, assistant warden and two staff members at the United States Penitentiary at Leavenworth following disciplinary proceedings which culminated in permanent loss of his prison job at UNICOR. Plaintiff alleged that he was dismissed from his job based upon false information, that he was harassed and humiliated when defendant Mundt placed a memo in his file falsely describing his conduct at work, and that he was discriminated against during the disciplinary proceeding because of his race. Plaintiff appeals the district court order granting summary judgment in favor of defendants.[2] We grant plaintiff's motion for leave to proceed on appeal without prepayment of costs and fees.
 
 
 3
 Plaintiff received an incident report for alleging that he made a sexual proposal to a female staff member and was placed in administrative detention pending investigation. Defendant Mundt prepared a memorandum that day summarizing plaintiff's recent alleged behavior toward other female staff members at UNICOR. The memorandum requested that plaintiff be removed from his UNICOR job and not be reassigned where he would be working with females.
 
 
 4
 Following an investigation, plaintiff appeared before a discipline hearing officer who found him guilty of indecent exposure and imposed various sanctions, including removing plaintiff from his UNICOR job. Plaintiff appealed to the Regional Office, which ordered a rehearing. At the rehearing, the guilty finding was reaffirmed and the sanctions were upheld. Plaintiff pursued administrative remedies before filing suit, including a Request for Administrative Remedy, seeking reinstatement. Defendant Mundt, acting warden at the time, denied that request. Plaintiff's lawsuit seeks reinstatement, including restoration of pay and benefits, compensatory damages and disciplinary action against the defendants.
 
 
 5
 We have reviewed the briefs and the record and are satisfied that the district court accurately summarized the facts and correctly applied the law. We agree with the analysis of the district court that in order to state a Bivens cause of action a plaintiff must offer a factual basis to establish that a federal agent acting under color of his authority violated a constitutional right of the plaintiff. The record contains evidence to support the disciplinary ruling that plaintiff committed the indecent exposure infraction, and that he was afforded procedural due process in the handling of the incident report. See Superintendent, Mass. Correctional Inst., Walpole v. Hill, 472 U.S. 445, 455-56 (1985) (due process requirement satisfied if "any evidence" supports prison board's disciplinary decision); Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Plaintiff has not shown that the disciplinary action was arbitrary and capricious.
 
 
 6
 Plaintiff's allegations as to the adequacy of the evidence to support the loss of his UNICOR job do not state a constitutional violation because prisoners do not enjoy a constitutional right to a specific job assignment. Ingram v. Papalia, 804 F.2d 595, 596 (10th Cir.1986). Plaintiff also alleged that prison officials discriminated against him on the basis of race in the disciplinary proceedings. We have held such claims actionable, see Williams v. Meese, 926 F.2d 994, 998 (10th Cir.1991); however, the record contains ample evidence that plaintiff was dismissed for his inappropriate conduct, including his own admission that he was unclothed at the time in question.
 
 
 7
 Finally, we agree that plaintiff has not stated a valid constitutional claim against defendant Mundt because of his passing upon plaintiff's Administrative Request for Reinstatement while he was the acting warden. The facts of this case are distinguishable from Diercks v. Durham, 959 F.2d 710 (8th Cir.1992), upon which plaintiff relies. Mundt was not responsible for the initial incident report, was not the officer handling plaintiff's disciplinary hearings, nor was the Administrative Request a complaint against Mundt personally.
 
 
 8
 We cannot add significantly to the analysis of the district court in its order of June 30, 1993, and therefore AFFIRM for substantially the reasons stated therein.
 
 
 9
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrine of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 Plaintiff voluntarily dismissed his action against defendants Henman and Harrell; this appeal only concerns summary judgment ordered in favor of defendants Mundt and Hubble