19 F.3d 29
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Curtis D. STOWELL, Plaintiff-Appellant,
v.
William CALLAHAN; Don Daniels; Andy Bishop; Tana Wood, et
al., Defendants-Appellees.
 No. 92-36809.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 1, 1994.*
Decided March 8, 1994.
 
 Before: GOODWIN, SCHROEDER, and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Stowell, a former inmate in the Washington state penitentiary system, brought a claim pursuant to 42 U.S.C. Sec. 1983 against officials at McNeil Island Correction Center (MCC). Adopting the report and recommendation of a Magistrate Judge, the district court granted summary judgment in the defendants' favor. Stowell appeals.
 
 
 3
 Stowell has contended at all phases of this case that his removal as a kitchen clerk and his subsequent placement in cell confinement for refusing a janitorial assignment violate his due process and equal protection rights, double jeopardy, the Eighth Amendment, and his right to privacy. We have no material disagreement with the reasoning of the Magistrate Judge and therefore affirm on the merits. Stowell also appeals the district court's denial of his 28 U.S.C. Sec. 1915(d) motion for appointment of counsel, and we affirm that ruling as well.
 
 
 4
 As the Magistrate Judge recognized, almost all of Stowell's substantive claims are without merit. We find that Stowell's due process claims are the only claims meriting discussion.
 
 
 5
 In 1989, Stowell was a clerk in the receiving center at Washington Corrections Center (WCC). He was responsible, among other things, for preparing nametags for new inmates. Stowell had access to new inmates' conviction files, and he decided to mark the nametags of incoming rapists with the letter "R" and incoming child molesters with the letter "C". Prison officials discovered this scheme, and Stowell was removed from the clerk position. Shortly thereafter, he was transferred to MCC.
 
 
 6
 After arriving at MCC, Stowell was given the position of kitchen clerk. MCC officials, however, soon became aware of the nametag incidents at WCC, and decided that Stowell would not be eligible for any clerk position at MCC. Stowell was removed from the kitchen clerk position, and, eventually, he was assigned to a janitor position. On the morning he was to report to his new position, Stowell refused, contending that an epileptic condition prohibited him from doing janitorial duties. Stowell's supervisor was unable to confirm Stowell's medical condition immediately, and Stowell was "written up" and placed in cell confinement for refusing to work. Stowell received a hearing shortly thereafter, and, after his medical condition was confirmed, the infraction was vacated and Stowell was unassigned from the janitorial position.
 
 
 7
 Stowell argues that he was deprived of due process because he was removed from the kitchen job without a hearing and was placed in cell confinement without being given an adequate opportunity to demonstrate his epileptic condition. To be entitled to predeprivation process, a prisoner must first show that a constitutionally protected liberty or property interest has been deprived. Johnson v. Moore, 948 F.2d 517, 519 (9th Cir.1991) (citing Board of Regents v. Roth, 408 U.S. 564, 569 (1972)). It is clear that Stowell did not have a protected interest in his kitchen job, Ingram v. Papalia, 804 F.2d 595, 596-97 (10th Cir.1986); see Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir.1985); Baumann v. Arizona Dept. of Corrections, 754 F.2d 841, 843-44 (9th Cir.1985) (no constitutionally protected interest in work release), and was therefore not entitled to any process prior to his removal.[1]
 
 
 8
 With respect to Stowell's placement in cell confinement, we doubt that such confinement implicates a protected liberty interest. Hewitt v. Helms, 459 U.S. 460, 466-71 (1983); Johnson, 948 F.2d at 519. But even assuming such confinement triggers constitutional procedural protections, Stowell received adequate process. There was no dispute, prior to the cell confinement, that Stowell had refused to work. He was given a hearing within a matter of days, at which he was able to demonstrate successfully that he had a medical condition. We reject Stowell's invitation to require prison officials to conduct full hearings prior to making disciplinary decisions. See Hewitt, 459 U.S. at 472-79; Bell v. Wolfish, 441 U.S. 520, 547 (1979).
 
 
 9
 For these reasons, appellant's due process claim must be rejected. For the reasons given by the Magistrate Judge, appellant's equal protection, double jeopardy, Eighth Amendment, and privacy rights were not violated.
 
 
 10
 We also must affirm the denial of appointment of counsel. A court's determination of whether to provide free counsel requires consideration of (1) the plaintiff's likelihood of success on the merits; and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.1986). Most of the plaintiff's claims were frivolous, and he had no inordinate difficulty representing himself. The plaintiff has suffered little, if any, prejudice as a result of the court's refusal to appoint counsel.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 As the Magistrate Judge correctly noted, Stowell does not point to any state law source creating a liberty interest in prison employment