UNITED STATES COURT OF APPEALS
TENTH CIRCUIT

**Filed 10/8/96**

GEORGE WRIGHT SMITH JR.,

      Plaintiff - Appellant,

vs.

OKLAHOMA DEPARTMENT OF
CORRECTIONS, Corporate Entity;
LARRY A. FIELDS, Director of the
Oklahoma Department of Corrections;
BOBBY BOONE, Warden of Mack H.
Alford Correctional Center; HUCK
NELSON, Security Captain, Mack H.
Alford Correctional Center; CHARLES
CALLICOAT, Business Manager, Mack
H. Alford Correctional Center; JIM
WESTBROOK, Coordinator, Oklahoma
State Industries; RON JACKSON,
Supervisor, Oklahoma State Industries;
DON POLK, Oklahoma State Industries;
OKLAHOMA STATE INDUSTRIES,
Corporate Entity; DARRELL ALTON,
Warden's Assistant, Mack H. Alford
Correctional Center; JAMES WALLACE,
Unit Manager, Mack H. Alford
Correctional Center; PAUL WILLIAMS,
Correctional Counselor, Mack H. Alford
Correctional Center; VALERIE COUCH,
Case Manager, Mack H. Alford
Correctional Center; K. J. BARTON,
Correctional Counselor, Mack H. Alford
Correctional Center; IRVIN POOLE,
Case Manager, Mack H. Alford
Correctional Center,

      Defendants - Appellees.

No. 96-7035
(D.C. No. CV-93-281)
(E.D. Okla.)

ORDER AND JUDGMENT[*]

Before SEYMOUR, Chief Judge, KELLY and LUCERO, Circuit Judges.[**]

George Wright Smith Jr., appearing pro se and in forma pauperis, appeals from the district court's grant of summary judgment in favor of the Defendants. Mr. Smith brought this suit under the United States Constitution and 42 U.S.C. § 1983, alleging that the Defendants violated his right to due process and conspired against him in retaliation for having filed a previous lawsuit. He claims that this conspiracy resulted in the termination of his employment at the Oklahoma State Industries furniture factory, a position which, if performed satisfactorily, would generate good time credit of two days for each day worked. Mr. Smith was reassigned to the Captain's Yard Crew, which allowed him to earn one day of good time credit for each day worked.

Contrary to Mr. Smith's argument, the Oklahoma statute creating good time credits does not bestow upon inmates a property or liberty interest in the opportunity to earn

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

those credits.  Williams v. Meese, 926 F.2d 994, 998 (10th Cir. 1991); Ingram v. Papalia, 804 F.2d 595, 596-97 (10th Cir. 1986); Twyman v. Crisp, 584 F.2d 352, 356 (10th Cir. 1978).  The district court properly granted summary judgment on Mr. Smith's retaliation claim for lack of a factual basis.

Mr. Smith also raises two additional issues for the first time in this appeal.  He argues that he should have been paroled from his first sentence and that consequently he should now be serving his second sentence.  He also argues that he should be serving his two sentences concurrently instead of consecutively.  Review of the record indicates that these issues were not raised below.  We will not consider on appeal issues that were not raised before the district court.  Olguin v. Lucero, 87 F.3d 401, 405 (10th Cir. 1996), petition for cert. filed, (U.S. Sept. 6, 1996) (No. 96-5886); Walker v. Mather (In re Walker), 959 F.2d 894, 896 (10th Cir. 1992).

AFFIRMED.  The mandate shall issue forthwith.


Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge