**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 12 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RODNEY ROWSEY,

      Plaintiff-Appellant,

vs.

J.D. SWINSON; J.T. O'BRIEN; J.
SHREEVE; M. TIRADO; JOHN
McLEAD; NICK BERRY; Unknown
Staff Implicated to Escape;
C. DICKERSON; E. MAY; M.
JACKSON; P. WHALEN; J. DRIVER;
J. GRECO; R. WILEY; T. HINES;
MR. HARRISON; MR. MURPHY;
MR. ORDONEZ; L. HOELTZEL; L.
JENKINS,

      Defendants-Appellees.

No. 97-1382
(D.C. No. 97-D-1747)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO**, **KELLY**, and **HENRY**, Circuit Judges.[**]

Plaintiff-Appellant Rodney Rowsey, a federal prisoner appearing pro se and

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

in forma pauperis, appeals from the district court's dismissal of his civil rights action brought pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971). The district court dismissed Mr. Rowsey's complaint and action sua sponte pursuant to 28 U.S.C. § 1915(e)(2)(B), holding that Mr. Rowsey's complaint was legally frivolous and failed to state a claim upon which relief may be granted. On appeal, Mr. Rowsey contends the district court (1) improperly dismissed his complaint and action sua sponte under § 1915 because, having paid the entire filing fee, he does not appear in forma pauperis; (2) improperly dismissed his due process claim; (3) failed to construe his complaint to state a claim under the Privacy Act pursuant to Sellers v. Bureau of Prisons, 959 F.2d 307 (D.C. Cir. 1992), and under the Equal Protection clause; and (4) erred in failing to order discovery, a hearing, and an answer from the Defendants. Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm in part, reverse in part, and remand for further proceedings.

Mr. Rowsey's factual allegations arise from an escape plot which was uncovered and investigated while Mr. Rowsey was incarcerated at a federal prison. In his complaint, Mr. Rowsey asserts he was wrongly targeted as an escape risk as a result of the investigation and was given no opportunity to clear his name or to refute the classification by any of the Defendants. Mr. Rowsey further alleges that the Defendants have improperly used the escape risk

2

classification, which remains in his prison file, to harass him, transfer him to other correctional facilities far from his family and remove him from favorable job assignments.

Upon receipt of his complaint filed August 12, 1997, the district court granted Mr. Rowsey leave to proceed in forma pauperis and pay a partial filing fee of $25.00. Mr. Rowsey, however, paid the entire filing fee. Thereafter, the district court construed Mr. Rowsey's complaint as raising a due process claim and held that Mr. Rowsey's interest in his prison classification or placement is not a protected liberty interest under the Due Process Clause. Accordingly, the district court dismissed Mr. Rowsey's complaint as legally frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

Mr. Rowsey first argues the district court exceeded its authority in dismissing his complaint under 28 U.S.C. § 1915, which governs in forma pauperis proceedings, because he paid the filing fee in full and therefore did not proceed in forma pauperis. We review the district court's interpretation of § 1915 de novo. See State of Utah v. Babbitt, 53 F.3d 1145, 1148 (10th Cir. 1995); McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997). Having filed his complaint after April 26, 1996, the provisions of the Prison Litigation Reform Act, P.L. No. 104-134, § 804, 110 Stat. 1321-66 (1996) (codified in part at 28 U.S.C. §§ 1915 & 1915A) govern the district court's dismissal of Mr. Rowsey's

3

complaint. See Green v. Nottingham, 90 F.3d 415, 420 (10th Cir. 1996). It is undisputed that upon Mr. Rowsey's request, the district court granted him leave to proceed in forma pauperis. See docket entry no. 2; I R. doc. 3 (Motion for Leave of Court to Proceed In Forma Pauperis); I R. doc 5 at 1. Section 1915(e)(2) provides that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid" the district court "shall dismiss [a case brought under this section] at any time if the court determines that . . . the action or appeal (I) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B). The district court did not err in applying the restrictions of § 1915 to Mr. Rowsey's complaint.

Further, we do not believe the district court erred in construing Mr. Rowsey's complaint as alleging a due process claim and dismissing that claim. Because the district court held Mr. Rowsey's complaint was legally frivolous and failed to state a claim upon which relief may be granted, we review the district court's decision under the more stringent de novo standard of review required to support the latter determination, see McGore, 114 F.3d at 604, and find no error. Mr. Rowsey has no legally protected liberty interest in a particular security or job classification, or in the location of his confinement. See Sandin v. Connor, 515 U.S. 472, 486 (1995); Olim v. Wakinekona, 461 U.S. 238, 245-46 (1983); Ingram v. Papalia, 804 F.2d 595, 596 (10th Cir. 1986). Moreover, other than the

4

"Operations Memorandum" to which Mr. Rowsey cites, which simply notifies Bureau of Prisons personnel of the impact of the Sellers decision, Mr. Rowsey cites to no regulation or statute which gives rise to a liberty interest under the circumstances he alleges. Accordingly, the district court correctly held Mr. Rowsey has not alleged a deprivation of a legally recognized liberty interest and thus has not adequately stated a due process claim.

Further, notwithstanding the liberal construction which we must give pro se complaints, see Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991), Mr. Rowsey's complaint cannot be read to state a claim under the Equal Protection Clause. Mr. Rowsey does not attribute the defendants' action or inaction to his membership in a suspect class; nor has he alleged that the distinction upon which the defendants relied was not reasonably related to a legitimate penological interest. See Templeman v. Gunter, 16 F.3d 367, 371 (10th Cir. 1994).

We agree, however, that the district court should have construed Mr. Rowsey's complaint as alleging a claim under the Privacy Act. See 5 U.S.C. § 552a; Sellers, 959 F.2d 307. Mr. Rowsey's complaint refers to the Sellers decision in several places, and he attached to his pleading the Operations Memorandum which discusses Sellers and directs correctional staff to "take reasonable steps to ensure the accuracy of challenged information in an inmate's central file, particularly when the information challenged can be verified." I R.

doc 3 exh. E(1). Treating Mr. Rowsey's factual allegations are true for purposes of ascertaining the complaint's sufficiency under Fed. R. Civ. P. 12(b)(6), and assuming Mr. Rowsey is given leave to amend his pleadings to add the Bureau of Prisons as a defendant, we believe Mr. Rowsey's complaint can be reasonably read to state a claim under 5 U.S.C. §§ 552a(g)(1)(C) and (g)(4), as he has alleged adverse determinations resulting from the information with no opportunity to respond. We express no opinion on the merits of the claim, see Hall, 935 F.2d at 1110 & n.3, including whether the information is capable of being verified, or upon any defenses the Bureau of Prisons may raise. See 5 U.S.C. § 552a(g)(5).

Accordingly, we AFFIRM in part and REVERSE in part the district court's order of dismissal and REMAND to the district court for further proceedings consistent with this order and judgment. In light of our disposition, we need not reach Mr. Rowsey's remaining arguments.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge

6