**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 17 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ANTHONY JOE THANNISCH,

Petitioner-Appellant,

v.

H. N. SCOTT,

Respondent-Appellee.

No. 99-6013
(D.C. No. 98-CV-265-L)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **KELLY**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, the panel has determined

oral argument would not materially assist the determination of this appeal.  See

Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  Therefore, the case is ordered

submitted without oral argument.

Anthony J. Thannisch, a state prisoner appearing pro se, seeks a certificate

of appealability to appeal the district court's dismissal of his 28 U.S.C. § 2254

---

[*]  This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

habeas petition. As Thannisch has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we deny a certificate of appealability and dismiss the appeal.

I.

On April 24, 1996, Thannisch was transferred from an Oklahoma state penitentiary to a private prison housing Oklahoma inmates pursuant to a contract with the state. He filed a writ of mandamus in state court alleging the transfer resulted in a diminished opportunity for him to earn good-time credits because the private facility did not offer "public works jobs" for which state prisoners were given reductions in sentences. The court denied his request on November 24, 1997. Thannisch apparently filed an identical petition with the Oklahoma Court of Criminal Appeals and the court denied relief on January 15, 1998. He filed the instant federal habeas petition on February 23, 1998, asserting the same grounds as those raised in his state mandamus petitions. The district court denied the habeas petition after concluding the applicable Oklahoma good-time credits regulations did not bestow any property or liberty interests upon inmates.

II.

The Supreme Court has held there is no independent constitutional liberty interest in a state's good-time credit scheme. Hewitt v. Helms, 459 U.S. 460, 467 (1983). Nor does the Constitution create any property or liberty interest in prison

employment.  Ingram v. Papalia , 804 F.2d 595, 596 (10th Cir. 1986) (per curiam).

> Although states may in some circumstances create liberty interests
> protected by the Due Process Clause, the liberty interest created by
> prison regulations "will generally be limited to freedom from
> restraint which . . . imposes atypical and significant hardship on the
> inmate in relation to the ordinary incidents of prison life."

Penrod v. Zavaras , 94 F.3d 1399, 1406 (10th Cir. 1996) (per curiam) (quoting

Sandin v. Connor , 515 U.S. 472, 484 (1995) (alteration in original)).

Further, t he Oklahoma statutes governing inmate good-time credits do not

*guarantee* that inmates will receive work-time credit or that inmates will be

provided an opportunity to work.  See Okla. Stat. Ann. tit. 57, §§ 138, 224 (West

1991). [1]  Thus, an inmate's transfer from an institution offering such opportunities

to one that does not implicates no constitutional rights.  See Meachum v. Fano ,

427 U.S. 215, 229 n.8 (1976).  The assignment of inmates is expressly committed

by section 224 to the discretion of prison authorities.  As we noted in  Twyman v.

Crisp , the work-time credit program

> simply provides that if [a prisoner] does work he will receive work-
> time credits.  At an institution with a large inmate population there
> are jobs for only a limited number of prisoners.  Therefore, it cannot
> be said Oklahoma law creates any right to work-time credits which
> amounts to a liberty or property interest.

584 F.2d 352, 357 (10th Cir. 1978) (per curiam) (quoting  Gardner v. Benton , 452

---

[1]  Although these statutes were amended substantially following
Thannisch's conviction, the earlier versions also bestowed no such rights on state
inmates.  See Okla. Stat. Ann. tit. 57, §§ 138, 224 (West 1981).

F. Supp. 170, 177 (E.D. Okla. 1977)).

Thannisch's application for a certificate of appealability is DENIED and his appeal is DISMISSED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge