**Jerry Wayne SMITH,
Petitioner-Appellant,**

v.

**Robert ATKINS, Warden, and The
Attorney General for the State of
Kansas, Respondents-Appellees.**

No. 80–2293.

United States Court of Appeals,
Tenth Circuit.

Submitted on the Briefs Pursuant to
Tenth Circuit Rule 9.

Decided May 19, 1982.

Jerry Wayne Smith, pro se.

Robert T. Stephan, Atty. Gen., and Thomas D. Haney, Asst. Atty. Gen. of Kan., Topeka, Kan., for respondents-appellees.

Before BARRETT, McKAY and LOGAN, Circuit Judges.

PER CURIAM.

This three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Circuit R. 10(e). The cause is therefore ordered submitted without oral argument.

Appellant, Jerry Wayne Smith, an inmate confined at the Kansas State Penitentiary, seeks review of a federal district court order dismissing his petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254.

In his petition, Mr. Smith presented eleven challenges [1] to his state conviction of three counts of kidnapping, one count of aggravated kidnapping and one count of robbery. The federal district court addressed at least two of the issues on the merits and found them to be frivolous. The court further found that, as to the remaining issues, Mr. Smith had failed to exhaust available state remedies as required by 28 U.S.C. § 2254(c). His petition was dismissed.[2]

Given the district court's interpretation, the petition in this case was "mixed"; it contained both exhausted and unexhausted claims. The United States Supreme Court recently has indicated how a federal district court should respond when faced with a mixed petition. In *Rose v. Lundy*, —— U.S. ——, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), the Supreme Court adopted a policy of requiring "total exhaustion." "[B]ecause a total exhaustion rule promotes comity and does not unreasonably impair the prisoner's right to relief, we hold that a district court must dismiss habeas petitions containing both unexhausted and exhausted claims." 102 S.Ct. at 1205. The petitioner may avoid dismissal of his petition by amending the petition to delete the unexhausted claims. However, if the petitioner elects to amend his petition, he risks forfeiting any future

consideration of the unexhausted issues under the successive petition doctrine. *Rose v. Lundy*, —— U.S. ——, 102 S.Ct. 1198, 1204–05, 71 L.Ed.2d 379 (1982); *Sanders v. United States*, 373 U.S. 1, 18, 83 S.Ct. 1068, 1078, 10 L.Ed.2d 148 (1963); Rule 9(b) of the Rules Governing Section 2254 Cases in the United States District Courts.

■ Application of the "total exhaustion" requirement set forth in *Rose v. Lundy* is appropriate when the district court faces a mixed petition. As a preliminary matter, therefore, the district court must "review the record in a § 2254 proceeding at least summarily in order to determine whether all claims have been exhausted." —— U.S. ——, 102 S.Ct. 1198, 1208, 71 L.Ed.2d 379 (1982) (Blackmun, J., concurring). In this case, the district court clearly followed this procedure. However, we are concerned with the exhaustion principles which were applied.

Justice Blackmun, concurring in the judgment in *Rose v. Lundy*, stated: "[The Court's precedents] plainly suggest that state courts need not inevitably be given every opportunity to safeguard a prisoner's constitutional rights and to provide him relief before a federal court may entertain his habeas petition." 102 S.Ct. at 1206. In note 1 Justice Blackmun continued:

In *Brown v. Allen*, 344 U.S. 443, 447, 73 S.Ct. 397, 402, 97 L.Ed. 469 (1953), the Court made clear that the exhaustion doctrine does not foreclose federal habeas relief whenever a state remedy is availa-

---

1. The substance of the eleven challenges is as follows: (1–3) That a warrant issued for the search of Mr. Smith's automobile was obtained under circumstances in violation of *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978); (4) that double jeopardy principles precluded the state prosecution in light of a prior federal prosecution for acts arising out of the same transaction; (5) that Mr. Smith was denied a speedy trial; (6) that the evidence was insufficient to support the verdict; (7) that a transcript of a suppression hearing held in the federal action was improperly admitted in the state action; (8) that the trial court improperly denied Mr. Smith's request for severance; (9) that the trial court

improperly refused to give Mr. Smith's tendered instruction defining the crime of aggravated kidnapping; (10) that Mr. Smith was denied a fair trial due to adverse pretrial publicity; and (11) that the trial court committed error in denying Mr. Smith's request for a mistrial based on alleged improper prosecutorial comment.

2. We interpret the dismissal to be on the merits, with prejudice, as to the issues the court found to be frivolous. As to the remaining issues, the dismissal apparently was without prejudice. The action could be refiled after exhausting state remedies.

ble; *once a prisoner has presented his claim to the highest state court on direct appeal, he need not seek collateral relief from the State.* (Emphasis added.)

102 S.Ct. at 1206, n.1.

The district court in considering Mr. Smith's petition appears to have applied a rule that would require utilizing state post-conviction proceedings under all circumstances prior to resorting to federal court. The Supreme Court's decisions in *Smith v. Digmon,* 434 U.S. 332, 98 S.Ct. 597, 54 L.Ed.2d 582 (1978), and *Brown v. Allen,* 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1953), and our prior case law do not mandate such a rule. *Sandoval v. Rodriguez,* 461 F.2d 1097 (10th Cir. 1972).

■ When a petitioner presents the *exact* constitutional issue to the state courts on direct appeal, sufficient exhaustion for purposes of 28 U.S.C. § 2254(c) will be presumed. In determining whether the "exact" issue has been presented, the district court may be guided by the "legal versus factual" dichotomy we set forth in *Sandoval v. Rodriguez,* 461 F.2d 1097 (10th Cir. 1972). The mere fact, however, that an issue presented only on direct appeal will involve a factual determination is insufficient, in and of itself, to dismiss the petition for failure to exhaust. The relevant inquiry in each case is whether the factual issue was presented to the state courts in a posture allowing full and fair consideration. Where such consideration was given the issue by the state courts, the federal district court will presume the correctness of the state court's factual determinations. 28 U.S.C. § 2254(d); *Sumner v. Mata,* 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981). Where such state court factual determinations are lacking, and are necessary to address the

issue presented in the federal habeas proceeding, the district court in its discretion may order an evidentiary hearing in the federal court or, alternatively, may determine that further exhaustion through state collateral proceedings is necessary.[3]

■ From the record presented to us in this case, it is impossible to determine, as to each of Mr. Smith's allegations, whether presentation of each issue on direct appeal satisfied the exhaustion doctrine.[4] We note only that Issue 6, challenging the sufficiency of the evidence to support the verdict, involves solely a question of law which was addressed by the state court on direct appeal and is, therefore, not an issue as to which further exhaustion will be required.

Accordingly, we reverse and remand this case to the district court. We direct the district court to reevaluate the issues presented in light of the exhaustion principles stated herein. If, after such reevaluation, unexhausted issues remain, the district court must afford Mr. Smith the opportunity to amend his petition to delete the unexhausted issues. If Mr. Smith does not elect to amend, the petition must be dismissed for want of exhaustion of state remedies.

REVERSED AND REMANDED.

3. Our conclusion does not affect the situation where state court findings have been made and the appellant attempts to overcome the presumption of correctness of such findings by arguing that such findings are not supported by the state court record. Further exhaustion under such circumstances is not justified.

4. The record on appeal does not contain the opinion of the Kansas Supreme Court which affirmed Mr. Smith's conviction on direct appeal. In determining whether the exhaustion requirement has been satisfied, the federal district court should consider all relevant material. *See Smith v. Digmon,* 434 U.S. 332, 98 S.Ct. 597, 54 L.Ed.2d 582 (1978).