Ronald Joel PRUITT, Petitioner,

v.

Robert D. HANNIGAN,
et al., Respondents.

No. 92–3135–DES.

United States District Court,
D. Kansas.

Feb. 22, 1993.

Ronald Joel Pruitt, pro se.

Jon P. Fleenor, Office of Atty. Gen., Tope-
ka, KS, for respondents.

## MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This matter comes before the court on a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. On April 9, 1992, this court issued an Order to Show Cause to respondent. On July 27, 1992, respondent filed an Answer and Return and claimed petitioner had failed to exhaust state court remedies. The court disagrees.

■ In order to satisfy the exhaustion requirement set forth in 28 U.S.C. § 2254(b), a petitioner must first present the issues raised in the federal habeas action to the Kansas courts, either by direct appeal or by the state post-conviction process set out in K.S.A. 60–1507. *Picard v. Connor,* 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). Before proceeding in a federal habeas action, petitioner must present the issues in the state courts in a posture allowing full and fair consideration. *Smith v. Atkins,* 678 F.2d 883, 885 (10th Cir.1982).

■ Petitioner took a direct appeal from his conviction and raised four issues. Petitioner subsequently filed a petition pursuant to K.S.A. 60–1507 which was denied as frivolous on its face by the state district court. On appeal, the Kansas Court of Appeals considered the three issues raised by petitioner's counsel and the numerous issues raised by petitioner himself.[1] Petitioner did not petition for review in the Kansas Supreme Court. However, on December 30, 1991, petitioner filed an original petition for state habeas corpus pursuant to K.S.A. 60–1501 in the Kansas Supreme Court raising all the claims raised in the prior 1507 petition and additional issues which are included in his federal habeas action. On January 28, 1992, the Kansas Supreme Court denied the petition.

Although, petitioner may have proceeded through the Kansas courts by a less than direct route, it is evident that the state tribu-

---

1. Petitioner's appointed counsel was a state Appellate Defender. Petitioner vehemently object- ed to counsel and counsel subsequently withdrew.

nals have been presented the issues now before this court.

Respondent asks that if the court finds petitioner has exhausted his state court remedies an extension of thirty days be granted to file a substantive Answer and Return. Respondent is granted until March 29, 1993 to file the Answer and Return. No further extensions will be granted.

IT IS THEREFORE BY THE COURT ORDERED that petitioner has exhausted his state court remedies and is properly before this court. IT IS FURTHER ORDERED that respondent have until March 29, 1993, to file the Answer and Return and that no further extensions will be granted. The clerk of the court is directed to transmit copies of this order to petitioner and respondent.