59 F.3d 178
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Sherman GALLOWAY, Petitioner-Appellant,
v.
David J. MCKUNE and Attorney General of the State of Kansas
Respondents-Appellees.
 No. 94-3387.
 United States Court of Appeals, Tenth Circuit.
 July 5, 1995.
 
 Before SEYMOUR, Chief Judge, MCKAY, and HENRY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Sherman L. Galloway filed a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254, claiming that a police officer violated his constitutional rights when the officer questioned Mr. Galloway's wife in an inquisition hearing. The district court dismissed the petition for failure to exhaust state remedies, declined to issue a certificate of probable cause, and denied Mr. Galloway leave to proceed in forma pauperis on this appeal.
 
 
 3
 Mr. Galloway was convicted in 1981 of rape, aggravated sodomy, aggravated robbery, and kidnapping. He has challenged these convictions on numerous grounds through direct and collateral review in the Kansas courts. See State v. Galloway, 708 P.2d 508 (Kan.1985) (direct appeal of final decision), cert. denied, 475 U.S. 1052 (1986); State v. Galloway, 680 P.2d 268 (Kan.1984) (interlocutory appeal); State v. Galloway, 652 P.2d 673 (Kan.1982) (same); Galloway v. State, No. 59-053 (Kan. Ct.App. Dec. 18, 1986) (habeas corpus petition pursuant to Kan. Stat. Ann. 60-1507).
 
 
 4
 He filed this federal habeas action in 1994, alleging that a police officer had questioned his wife in an inquisition hearing in violation of his First, Fifth, Thirteenth, and Fourteenth Amendment rights. The district court dismissed the petition on the grounds that Mr. Galloway had failed to raise the claim in any of his previous state actions and thus had not fully exhausted state remedies. Mr. Galloway filed a notice of appeal to this court, claiming that he had, in fact, raised the issue in a state proceeding which he filed in the Kansas Supreme Court, Galloway v. McKune, No. 94-71179-S (Kan. March 15, 1994) (habeas action filed pursuant to Kan. Stat. Ann. 60-1501). In its order denying in forma pauperis status on appeal, the district court acknowledged the existence of this prior state action. The court noted, however, that the Kansas Supreme Court's summary dismissal of that action did not exhaust Mr. Galloway's state remedies because section 60-1507 (not section 60-1501) provides the exclusive habeas corpus remedy under Kansas law.
 
 
 5
 In determining whether a petitioner has exhausted state remedies, "[t]he relevant inquiry ... is whether the factual issue was presented to the state courts in a posture allowing full and fair consideration." Smith v. Atkins, 678 F.2d 883, 885 (10th Cir.1982). For substantially the reasons stated in the district court's order denying in forma pauperis status, we conclude that Mr. Galloway has not presented his current claim to the state courts in such a posture.
 
 
 6
 We DENY Mr. Galloway's requests to proceed in forma pauperis and to receive a certificate of probable cause. The appeal is dismissed.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470