**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 15 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BRUCE NILES, MOORE,[*]

     Petitioner-Appellant,

v.

STATE OF UTAH CORPORATION,
and BOARD OF PARDONS,

     Respondents-Appellees.

No. 98-4210
(D.C. No. 2:98-CV-596J)
(D. Utah)

**ORDER AND JUDGMENT**[**]

Before **BRORBY**, **EBEL** and **LUCERO**, Circuit Judges.

On August 24, 1998, Petitioner-Appellant Bruce Niles, Moore ("Moore")

filed a pro-se petition for a writ of habeas corpus pursuant to 28 U.S.C. §§ 2241

& 2254 alleging a violation of the following rights:

---

[*]Petitioner-Appellant has filed a document entitled "Clarification of the real name of the 'real party in interest'" with this court, in which he expresses his desire to be referred to as "Bruce Niles, Moore," as opposed to Bruce Niles Moore. We are pleased to oblige.

[**]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

A. Right to be free of arrest without 4th Amendment warrant.
B. Right to be free of imprisonment without Due Process of Law.
C. Right to be free of religious restriction or regulation.
D. Right to a speedy and PUBLIC trial.
E. Right to obtain a copy of "Rules of Policy and Procedure of Administrative Hearings", upon written request by Petitioner to Administrative agency under jurisdiction of U.S.C. Title 5 §552.
G. Right to be free of cruel and unusual punishment.
H. Right to be free of discrimination, based upon Petitioner's physical disabilities.
I. Right to timely and competent medical care.
J. Right to effective assistance of counsel.
K. Right to have access to courts.
L. Right to travel and peaceable assembly.
M. Right to be free of conflict of interest.

(Moore's Petition for Writ of Habeas Corpus, at 3.)

The magistrate judge's report and recommendation adopted by the district court stated, "It is unclear what conviction petitioner is challenging," then recommended dismissal because "[s]everal assertions in the petition make it clear that petitioner has not exhausted his state remedies in Utah Courts." From the record on appeal, it appears that the district court did not address whether Moore could proceed in forma pauperis on appeal or whether to issue a certificate of appealability. We deny both Moore's request for a certificate of appealability and his motion to proceed in forma pauperis on appeal.

Title 28 U.S.C. § 2254(b) & (c) instruct that before a federal court may grant a writ of habeas corpus to a state prisoner, he or she must exhaust available state remedies. This court has held that "a federal habeas corpus petitioner must

show that a state appellate court has had the opportunity to rule on the same claim presented in federal court." <u>Miranda v. Cooper</u>, 967 F.2d 392, 398 (10th Cir. 1992) (citing <u>Smith v. Atkins</u>, 678 F.2d 883, 884-85 (10th Cir. 1982) (per curiam)). Here, Moore has failed to demonstrate, or even adequately allege, that he exhausted his state remedies. Thus, he cannot prevail on federal habeas.

Accordingly, we decline to grant Moore a certificate of appealability and deny his motion for leave to proceed in forma pauperis.[1]

The mandate shall issue forthwith.


ENTERED FOR THE COURT


David M. Ebel
Circuit Judge

---

[1]Further, we deny Moore's Petition for Writ of Mandamus and Request for Summary Judgment.