**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**March 14, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

WILLIAM SMITH,

        Plaintiff-Appellant,

v.

JOSEPH ORTIZ, individually and in
his official capacity as Executive
Director of the Colorado Department
of Corrections ("CDOC"), JOHN
SUTHERS, individually and in his
official capacity as Executive Director
of CDOC, TONY REID, individually
and in his official capacity as Warden
of Buena Vista Correctional Facility
("BVCF"), GEORGE DUNBAR,
individually and in his official
capacity as Associate Warden of
BVCF, GARY STROBRIDGE,
individually and in his official
capacity as Administrative Head or
Designee, ROBERT HICKOX,
individually and in his official
capacity as Administrative Head or
Designee, PATRICIA MCCARTHY,
individually and in her official
capacity as Major and/or Custody and
Control Manager at BVCF, RAE
LEWIS, individually and in her
official capacity as Hearings Officer
of BVCF, LISA BLAND, individually
and in her official capacity as Lt.,
Initiating Employee-Discipline Officer
for BVCF, CAPTAIN THOMAS,
individually and in his official

No. 05-1211
(D.C. No. 04-CV-2296 ZLW)
(D. Colo.)

capacity as Reviewing Officer of
CoPD Charges, EDD GILLESPIE,
individually and in his official
capacity as CDOC Step III Grievance
Official,

Defendants - Appellees.

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL**, **McKAY**, and **HENRY**, Circuit Judges.

---

Plaintiff-Appellant William Smith, a *pro se* prisoner, appeals the district court's *sua sponte* dismissal of his 42 U.S.C. § 1983 civil rights action against various Colorado correction department officials ("Defendants") pursuant to 28 U.S.C. § 1915. We agree with the district court that all of Mr. Smith's claims warranted dismissal under § 1915, but for reasons different than those ultimately relied upon by the district court in its final order.

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

# I. BACKGROUND

In May 2000, Mr. Smith was convicted of a prison disciplinary offense and, as a result, lost his minimum wage prison job and was reclassified to administrative segregation. In December 2001, the Chafee County District Court ordered that the prison disciplinary conviction be expunged because, apparently, the tape of the disciplinary hearing had been lost. Defendants abided by the state court order and expunged Mr. Smith's disciplinary conviction.

Mr. Smith brought this § 1983 cause of action alleging that Defendants violated his constitutional rights by: 1) improperly classifying and segregating him; 2) treating him differently than other inmates whose disciplinary conviction was expunged; 3) depriving him of ownership of his personal property; 4) upon expungement of his disciplinary conviction, failing to give him back his minimum-wage prison job or provide him with back pay; and 5) upon expungement of his disciplinary conviction, refusing to awarding him the good and earned time credits he could not earn while improperly in administrative segregation.[1] After granting Mr. Smith's request to proceed *in form pauperis* ("*IFP*"), the district court concluded that all of Mr. Smith's claims were barred

---

[1]  To the extent that Mr. Smith is also asserting a claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-19, we have previously held that the FLSA is inapplicable to inmates working in prison. Franks v. Oklahoma State Indus., 7 F.3d 971, 972 (10th Cir. 1993).

by the applicable statute of limitations and without merit. It therefore *sua sponte* dismissed the action under 28 U.S.C. § 1915(e)(2)(B) as legally frivolous.[2]

## II. DISCUSSION

Section 1915(e)(2)(B) provides that "[n]otwithstanding any filing fee . . . that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim; or (iii) seeks monetary relief against a defendant who is immune from such relief." Although the district court noted that all of Mr. Smith's claims were barred by the statute of limitations, it actually dismissed Mr. Smith's complaint pursuant to § 1915(e)(2)(B)(i) as legally frivolous because it concluded that his claims lacked any substantive merit.

## A.    Dismissal as Frivolous Pursuant to § 1915(e)(2)(B)(i)

An action is frivolous under § 1915 if "the claim [is] based on an indisputably meritless legal theory or if it is founded on clearly baseless factual contentions." Schlicher v. Thomas, 111 F.3d 777, 779 (10th Cir. 1997) (quotations omitted). We review a district court's dismissal for frivolousness under § 1915(e)(2)(B) for abuse of discretion. Conkle v. Potter, 352 F.3d 1333,

---

[2] We interpret the dismissal to be with prejudice because the court found Mr. Smith's action to be frivolous. See Smith v. Atkins, 678 F.2d 883, 884 n.2 (10th Cir. 1982).

1335 n.4 (10th Cir. 2003). In doing so, we accept Mr. Smith's allegations as true and consider all reasonable inferences therefrom in the light most favorable to him. Perkins v. Kansas Dep't of Corr., 165 F.3d 803, 806 (10th Cir. 1999). Additionally, we construe Mr. Smith's amended complaint liberally because he is proceeding *pro se*. Id. In doing so, we conclude that two of Mr. Smith's five claims were not legally frivolous and that the district court therefore abused its discretion by dismissing all of his claims pursuant to § 1915(e)(2)(B)(i). We ultimately conclude, however, that all of Mr. Smith's claims warranted dismissal.

1. **Due process claims arising from Mr. Smith's classification into segregation.**

"Classification of [a] plaintiff into . . . segregation does not involve deprivation of a liberty interest independently protected by the Due Process Clause." Bailey v. Shillinger, 828 F.2d 651, 652 (10th Cir. 1987) (citing Hewitt v. Helms, 459 U.S. 460, 468 (1983)). But prison conditions that "impose[] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" may create a liberty interest protected by the Due Process Clause. Sandin v. Conner, 515 U.S. 472, 484 (1995); see also Wilson v. Jones, 430 F.3d 1113, 1117 (10th Cir. 2005).

The duration of confinement may itself be atypical and significant. See Gaines v. Stenseng, 292 F.3d 1222, 1226 (10th Cir. 2002) (directing the district court on remand to determine whether the 75-day duration of plaintiff's

confinement in segregation is atypical and significant); Perkins, 165 F.3d at 809 (requiring the district court to have before it evidence that "fully address[es] both the *duration and degree* of plaintiff's restrictions as compared with other inmates" before it may *sua sponte* dismiss a prisoner's due process claim) (emphasis added); see also Colon v. Howard, 215 F.3d 227, 231-32 (2d Cir. 2000) (recognizing that "the duration of [segregation] . . . is a distinct factor bearing on atypicality and must be carefully considered" and concluding that 305 days in such confinement is atypical and significant).  Here, Mr. Smith has alleged that he spent two years in administrative segregation.  Accordingly, Mr. Smith's due process claim is neither "based on an indisputably meritless legal theory" nor based on "clearly baseless factual contentions."  See Schlicher, 111 F.3d at 779.  The district court therefore abused its discretion in dismissing this claim as legally frivolous.

2. **Due process claim arising from Defendants' violation of Mr. Smith's constitutionally protected interest in his prison job and his personal property.**

The district court correctly concluded that Mr. Smith does not have a constitutionally protected liberty or property interest in his minimum-wage prison job.  "The Constitution does not create a property or liberty interest in prison employment."  Ingram v. Papalia, 804 F.2d 595, 596 (10th Cir. 1986).  Thus, for such a legal interest to exist, it must be created by state law in "language of an

unmistakably mandatory character." Id. However, we have previously held that "Colorado law does not create a protected property or liberty interest to either employment in any particular job or continued employment in any particular job." Id.; see also Colo. Rev. Stat. § 17-24-102 to 17-24-102(1). Mr. Smith therefore has no entitlement to protection under the due process clause, and the district court did not abuse its discretion in dismissing this claim as legally frivolous.

The district court also correctly concluded that Mr. Smith does not have a constitutionally protected property interest in the personal property he was forced to mail out of the prison after he was placed in administrative segregation. Taking an inmate's property does not implicate the due process clause if there is an adequate state post-deprivation hearing. See Freeman v. Dep't of Corr., 949 F.2d 360, 361 (10th Cir. 1991) (emphasis omitted). Mr. Smith has not alleged that Colorado's post-deprivation remedies were inadequate and therefore has no legal interest in the personal property.

Furthermore, "there is a difference between the right to own property and the right to possess property while in prison." Hatten v. White, 275 F.3d 1208, 1210 (10th Cir. 2002). Mr. Smith "was allowed to send the property he could not possess in prison to a place of his choosing, and therefore was not deprived of the property." See id. The district court therefore did not abuse its discretion by dismissing this claim as legally frivolous.

**3.     Due process claim arising from deprivation of good and earned time credits.**

Mr. Smith may be accorded relief for the deprivation of good and earned time credits if he can demonstrate that "the State's action . . . inevitably affect[ed] the duration of his sentence." Sandin, 515 U.S. at 487.  However, "the loss of the [o]pportunity to earn good time credit . . . because of reclassification does not deprive a prisoner of a constitutional right." Twyman v. Crisp, 584 F.2d 352, 356 (10th Cir. 1978).  Because Mr. Smith contends that his wrongful assignment to administrative segregation foreclosed the opportunity to earn good time credits, rather than that Defendants withdrew vested credits he had earned to that date, Mr. Smith's claim regarding good time credit is based on an "indisputably meritless legal theory." Schlicher, 111 F.3d at 779.  By its express terms, Colo. Rev. Stat. § 17-22.5-301(4) permits Defendants to deny inmates the opportunity to earn good time credits during certain portions of their imprisonment.[3]  The district court therefore properly dismissed this claim as legally frivolous.

**4.  Equal protection claim.**

---

[3]  Section 17-22.5-301(4) provides:

Nothing in this section shall be construed as to prevent the department from withholding good time earnable in subsequent periods of sentence, but not yet earned, for conduct occurring in a given period of sentence.

Because Mr. Smith "does not claim that the defendants treated him differently because of any suspect classification," to prevail on his Equal Protection claim he would have to prove that "the distinction between himself and other inmates was not reasonably related to some legitimate penological purpose." Templeman v. Gunter, 16 F.3d 367, 371 (10th Cir. 1994). "Equal protection," however, "is essentially a direction that all persons *similarly situated* should be treated alike." Grace United Methodist Church v. City Of Cheyenne, 427 F.3d 775, 792 (10th Cir. 2005) (emphasis added) (quotations omitted). Thus, in order to withstand dismissal, Mr. Smith must allege facts sufficient to demonstrate that he was treated differently than other inmates and to "overcome a presumption of government rationality." Brown v. Zavaras, 63 F.3d 967, 971 (10th Cir. 1995).

The district court concluded that "Mr. Smith's equal protection claim fails because he does not *identify* any similarly situated inmate who was treated differently." Although failure to allege specific facts giving rise to a constitutional violation may properly give rise to dismissal for frivolity, Mr. Smith alleged, albeit in a conclusory fashion, that Defendants treated other inmates whose disciplinary conviction had been expunged differently. We therefore conclude that the district court abused its discretion by dismissing this claim as legally frivolous because the claim was not based on an "indisputably

meritless legal theory" or "clearly baseless factual contentions," see Schlicher, 111 F.3d at 779, but instead was based on an insufficient factual allegation.

## B. Statute of Limitations

Although Mr. Smith's due process claim arising from his classification in administrative segregation and his equal protection claim were not legally frivolous, they were time barred by the applicable statute of limitations, as the district court found.[4] State law determines the applicable statute of limitations and accompanying tolling provisions for § 1983 actions. Fratus v. DeLand, 49 F.3d 673, 675 (10th Cir. 1995). Thus, Colorado's general two-year statute of limitations for personal injury actions, Colo. Rev. Stat. § 13-80-102(1), applies to this case. Blake v. Dickason, 997 F.2d 749, 750 (10th Cir. 1993).

That limitations period begins to run when the cause of action accrues according to federal law. Smith v. City of Enid ex rel. Enid City Comm'n, 149 F.3d 1151, 1154 (10th Cir. 1998). "A civil rights action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." Id. (quotations omitted). A § 1983 cause of action therefore accrues

---

[4] A court may "consider affirmative defenses sua sponte" for purposes of dismissal under § 1915 "when the defense is obvious from the face of the complaint and no further factual record is required to be developed." Fratus v. Deland, 49 F.3d 673, 674-75 (10th Cir. 1995) (quotations, alterations omitted).

"when the plaintiff knows or should know that his or her constitutional rights have been violated." Id. (quotations omitted).

Mr. Smith's due process claim arising from his classification into segregation accrued when Defendants convicted him of a disciplinary offense; that is, in May of 2000. His equal protection claim arising from Defendants' alleged failure, upon expungement of his disciplinary conviction, to give him back his minimum-wage prison job or provide him with back pay accrued when his disciplinary conviction was expunged; that is, in December 13, 2001. Colorado's two-year statute of limitations therefore expired in May 2002 for Mr. Smith's due process claim and December 2003 for his equal protection claim—well before Mr. Smith filed his original complaint on October 26, 2004.[5] As a result, these claims were time barred unless the applicable limitations period was sufficiently tolled.

### 1. Exhaustion of state court remedies.

---

[5] Mr. Smith, following a court order, filed an amended complaint on March 8, 2005. However, Colo. R. Civ. Proc. 15, like Fed. R. Civ. P. 15(c)(2), provides that:

> (c) **Relation Back of Amendments**. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.

Mr. Smith first argues on appeal that the statute of limitations applicable to his § 1983 action was tolled during the exhaustion of his state court remedies. This is incorrect. Mr. Smith's § 1983 action does not enjoy the same tolling of time limitations as a habeas petition because, unlike the requirements for a habeas petition, "exhaustion of state remedies is [generally] not a prerequisite to an action under § 1983, even an action by a state prisoner." Heck v. Humphrey, 512 U.S. 477, 480 (1994) (quotations omitted).

## 2. Mandatory exhaustion of administrative remedies.

Mr. Smith secondly argues that Colorado's two-year limitations period was tolled while he exhausted his administrative remedies. The Prison Litigation Reform Act ("PLRA") requires prisoners bringing suit under § 1983 to exhaust available administrative remedies before seeking relief in federal court.[6] The majority of circuits to address the issue have concluded that the statute of limitations applicable to a § 1983 action must be tolled while a prisoner completes this mandatory administrative remedy exhaustion process. See Brown v. Valoff, 422 F.3d 926, 943 (9th Cir. 2005); Johnson v. Rivera, 272 F.3d 519,

---

[6] Section 1997e(a), 42 U.S.C., of the PLRA provides:

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

522 (7th Cir. 2001); <u>Brown v. Morgan</u>, 209 F.3d 595, 596 (6th Cir. 2000); <u>Harris v. Hegmann</u>, 198 F.3d 153, 158-59 (5th Cir. 1999). Without deciding the legal issue, we conclude that both of Mr. Smith's non-frivolous claims were time barred even if the applicable limitations period was tolled while Mr. Smith exhausted his administrative remedies.

### a. Due process claim.

As noted earlier, Mr. Smith's due process claim arising from his reclassification into segregation accrued in May 2000—when Defendants reclassified him into administrative segregation—and therefore expired under Colorado's two-year statute of limitation in May 2002. It is not clear from the record when Mr. Smith sought administrative relief for his reclassification. However, we are certain that the state court to whom he appealed the denial of administrative relief ordered that his disciplinary conviction be expunged in December 2001. Accordingly, exhaustion of administrative relief from this injury lasted no longer than nineteen months—May 2000 to December 2001. Assuming the limitations period was tolled during these nineteen months, Mr. Smith's due process claim would have been timely filed at the latest in December 2003. But Mr. Smith did not originally file his § 1983 complaint until October 2004, almost one year after his due process claim based on reclassification into segregation was time barred.[7]

---

[7] To the extent that Mr. Smith also raises an Eighth Amendment claim arising from the conditions of his segregation, that claim is subsumed in his due process claim. We therefore do not address that claim separately. Additionally, we note that to the extent he raises a separate Eighth Amendment claim, it too is time barred for the same reasons discussed in connection with this analysis of his due process claim.

### b. Equal protection claim.

Mr. Smith's equal protection claim was also filed outside of even the extended limitations period. As noted earlier, Mr. Smith's equal protection claim accrued in December 2001 and therefore expired under Colorado's two-year statute of limitations in December 2003. Based on the record before us on appeal, exhaustion of Mr. Smith's administrative remedies relating to his equal protection claim lasted approximately four months: he filed his Informal Resolution Attempt on June 24, 2002, his Step I Grievance Form on July 12, 2002, his Step II Grievance Form on August 22, 2002, and his Step III Grievance Form on October 10, 2002; and he received the final decision from the grievance officer in late October 2002. Assuming the two-year limitations period was tolled four months while Mr. Smith exhausted his administrative remedies, Mr. Smith's claims would have been timely filed in April 2004. However, Mr. Smith did not file his original complaint until October 2004—six months after the tolled limitations period expired. We therefore conclude that Mr. Smith's non-frivolous equal protection claim was time barred.[8]

---

[8] Colo. Rev. Stat. § 13-81-101(3) provides for tolling the statute of limitation when the plaintiff is "a minor under eighteen years of age, a mental incompetent, or a person under other legal disability." However, no Colorado court has held that a person qualified as within the "other legal disability" category merely because he was incarcerated.

Colorado also recognizes the doctrine of equitable tolling, which applies

(continued...)

## III. CONCLUSION

We AFFIRM the district court's dismissal of Mr. Smith's due process claims arising from Defendants' violation of Mr. Smith's liberty or property interest in the minimum-wage prison job he had before his disciplinary conviction and the personal property he was forced to mail out of the prison after he was placed in administrative segregation as legally frivolous pursuant to § 1915(e)(2)(B)(i). Although we conclude that the district court abused its discretion by dismissing Mr. Smith's other claims as legally frivolous, we agree with the district court's finding that Mr. Smith's claims are time-barred. We therefore DISMISS Mr. Smith's non-frivolous claims—i.e., the due process claim arising from his reclassification into administrative segregation and the equal protection claim—for failure to state a claim on which relief may be granted.[9]

---

[8](...continued)
"when flexibility is required to accomplish the goals of justice." Morrison v. Goff, 91 P.3d 1050, 1053 (Colo. 2004) (quotations omitted). Mr. Smith has not alleged that equitable tolling applies. And, "[w]hile the statute of limitations is an affirmative defense, when the dates given in the complaint make clear that the right sued upon has been extinguished, the plaintiff has the burden of establishing a factual basis for tolling the statute." Aldrich v. McCulloch Properties, Inc., 627 F.2d 1036, 1041 n.4 (10th Cir. 1980). Furthermore, equitable tolling only applies when "plaintiffs did not timely file their claims because of 'extraordinary circumstances' or because defendants' wrongful conduct prevented them from doing so." Morrison, 91 P.3d at 1053. We find nothing in the record to suggest any extraordinary circumstances that prevented Mr. Smith from timely filing his § 1983 action such that flexibility is required to accomplish the goals of justice.

[9] Section 1915 specifically directs that:

(continued...)

We GRANT Mr. Smith's motion to proceed on appeal *IFP*, but we remind him

that he is obligated to make partial payments until the entire fee has been paid.


ENTERED FOR THE COURT



David M. Ebel
Circuit Judge

---

[9](...continued)
the court shall dismiss the case *at any time* if the court determines
that--
. . .
(B) the action *or appeal*--
    (i)     is frivolous or malicious;
    (ii)    fails to state a claim on which relief may be granted; or
    (iii)   seeks monetary relief against a defendant who is
          immune from such relief.
28 U.S.C. § 1915(e)(2) (emphasis added).