**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 17 2005**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

DAVID K. JENNER,

      Plaintiff-Appellant,

v.

      and

JAMES MCDANIEL; MICHAEL
CUSICK; KEITH COURVILLE;
RONALD FRAZIER,

      Plaintiffs,

JOE STOMMEL, Mental Health
Supervisor; CHRISTOPHER
PETROZZI, individually and as
Mental Health Supervisor; GEORGE
BLANDSIT, L.C.F. Mental Health
Supervisor; BARNEY BAUER,
individually and as Captain of Units 5
and 6 at the Limon Correctional
Facility; LORI LAMER, individually
and as Therapeutic Community
Secretary; JOHN RILEY, individually
and as Juniper Valley Productions
Facility Supervisor, unknown
defendants; COLORADO
DEPARTMENT OF CORRECTIONS;
ADDICTIVE RECOVERY
PROGRAMS; JIM MICHAUD;
DENNIS O'NEIL; DENNIS
WATKINS, individually; GALE
HUFF, individually; FRED
BOUTILIER, individually; GALEEN
CROWL; TERRY PARKER,

No. 03-1422
District of Colorado
(D.C. No. 01-WM-1520)

individually; GENE JONES,
individually,

Defendants-Appellees.

---

## ORDER AND JUDGMENT [*]

---

Before **SEYMOUR, HARTZ** and **McCONNELL**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is

therefore submitted without oral argument.

Plaintiff David Jenner, a state prisoner proceeding pro se, appeals the

district court's dismissal with prejudice of his civil rights claims filed under 42

U.S.C. §§ 1983 and 1985. We exercise jurisdiction pursuant to 28 U.S.C. § 1291

and **AFFIRM** the judgment of the district court.

### I. Background and Procedural History

Mr. Jenner and several other inmates at the Limon Correctional Facility in

Colorado initiated this civil rights action alleging various violations of their

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

constitutional rights. The inmates' allegations stem from their participation in a substance abuse program called the Therapeutic Community Program ("the Program"), which is conducted by Addiction Recovery Programs (ARP). The named Defendants are either employees of ARP or prison officials. The inmates allege that the Defendants violated their First, Fifth, Eighth, and Fourteenth Amendment rights.

The Defendants filed motions to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). The district court referred the matter to a magistrate judge who recommended that the Defendants' motions be granted. On August 21, 2003, the district court issued an order adopting the magistrate judge's recommendation with one exception: the district court allowed the Plaintiffs to amend their complaint as to their fourth claim, which was based on alleged retaliation against the Plaintiffs in violation of their right of access to the courts. The district court dismissed all of the Plaintiffs' remaining claims with prejudice.

Mr. Jenner filed a motion requesting certification under Fed. R. Civ. P. 54(b). The district court determined that Mr. Jenner was requesting a final judgment so that he could proceed on appeal. The district court construed his motion as a request for dismissal with prejudice and granted his request. At the same time, the district court dismissed without prejudice the remaining Plaintiffs' fourth claim. No Plaintiff filed an amended complaint within the deadline set by

the district court.  The Order of August 21, 2003, is therefore a final order.  Only Mr. Jenner appeals.

## II. Standard of Review

We review the district court's grant of a motion to dismiss under Rule 12(b)(6) de novo, applying the same standards as the district court.  *Montgomery v. City of Ardmore*, 365 F.3d 926, 935 (10th Cir. 2004).  We take all well-pleaded factual allegations in the complaint as true and view them in the light most favorable to the non-movant.  *Id*.  Dismissal is appropriate only where it is apparent that the plaintiff can prove no set of facts in support of his claim.  *Id*.

## III. Discussion

### A.

Mr. Jenner alleges that the Program is "secular humanistic in nature and establishes a 'religion.'" Aplt.Br. 13-14.  The magistrate judge concluded that the Program is not a religion and thus participation in the Program does not implicate the First Amendment's Establishment Clause.  R&R 10.  Before the district court, Mr. Jenner did not object to the determination that the Program is not a religion.  Order 3.  That issue is therefore waived.  *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

B.

Mr. Jenner's second claim is that his participation in the Program violates his Fifth Amendment right against self-incrimination. Mr. Jenner states that the Program "requires disclosure of information about the . . . crime" while he is currently appealing his conviction. Aplt.Br. 15. Mr. Jenner contends that the threatened loss of earned time credit and visitation privileges for failure to participate forces him to disclose the information.

The Supreme Court has addressed the necessary limitations on constitutional rights that result from lawful incarceration:

> A prison clinical rehabilitation program, which is acknowledged to bear a rational relation to a legitimate penological objective, does not violate the privilege against self-incrimination if the adverse consequences an inmate faces for not participating are related to the program objectives and do not constitute atypical and significant hardships in relation to the ordinary incidents of prison life.

*McKune v. Lile*, 536 U.S. 24, 37-38 (2002). The adverse consequences (loss of earned time credits and visitation privileges) that Mr. Jenner would face for not disclosing information are related to the Program's objective of rehabilitation and do not constitute atypical and significant hardships. "[T]he Constitution . . . does not guarantee good-time credit for satisfactory behavior while in prison." *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974).

Mr. Jenner's choice not to disclose information for fear of self-incrimination while his appeal is pending may indeed result in the loss of certain

rewards but "the government need not make the exercise of the Fifth Amendment privilege cost free." *McKune*, 536 U.S. at 41. "The criminal process . . . is replete with situations requiring the making of difficult judgments . . . . Although a defendant may have a right, even of constitutional dimensions, to follow whichever course he chooses, the Constitution does not by that token always forbid requiring him to choose." *Id*. (quoting *McGautha v. California*, 402 U.S. 183, 213 (1971)). Mr. Jenner has failed to state a claim for relief under the Fifth Amendment.

## C.

Mr. Jenner claims that his Eighth Amendment right not to be subject to cruel and unusual punishments has been violated. Mr. Jenner alleges that due to his participation in the Program, general population inmates have tampered with his food and laundry, he has been labeled a "rat," and he has faced retaliation from inmates.

Mr. Jenner alleges food and laundry tampering by general population inmates. The Eighth Amendment requires that "prisoners receive food that is adequate to maintain health." *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993). Mr. Jenner has not alleged in what manner the general population inmates tampered with his food or that the adulterated food was dangerous to his health.

Likewise, Mr. Jenner's summary allegation of laundry tampering does not specify facts to support his claim.

Mr. Jenner alleges that the Program requires inmates to "inform on other inmates in the program for 'any' behavior which is outside the [Program] guidelines." Aplt.Br. 19. Mr. Jenner contends that he has been labeled a "rat" and a "snitch" and therefore is the target of physical confrontation by other general population inmates. Where an Eighth Amendment claim is based upon conditions of confinement, an inmate must demonstrate that the deprivation suffered was "objectively 'sufficiently serious,'" and that the defendant had a "sufficiently culpable state of mind" or was "deliberate[ly] indifferen[t]" to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1991) (quoting *Wilson v. Seiter*, 501 U.S. 294, 297-98, 302-03 (1990)). To prove a violation of a prison official's constitutional duty to protect inmates from violence at the hands of other inmates, a plaintiff must establish that he is incarcerated under conditions posing a substantial risk of serious harm and that the defendants were deliberately indifferent to his need for protection. *Id*. A defendant acts with deliberate indifference if his or her conduct "disregards a known or obvious risk that is very likely to result in the violation of a prisoner's constitutional rights." *Berry v. City of Muskogee*, 900 F.2d 1489, 1496 (10th Cir. 1990).

Mr. Jenner does not allege facts to support a claim that the Defendants were aware of any potential harm that might befall him, let alone that the Defendants had culpable states of mind or were deliberately indifferent. Furthermore, Mr. Jenner does not allege facts to support a claim that the threat of retaliation was imminent. An "idle threat" of impending physical harm that is not carried out will not suffice to state an Eighth Amendment claim. *Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992). Mr. Jenner has failed to state a claim for relief under the Eighth Amendment.

### D.

Mr. Jenner claims various Fourteenth Amendment violations and improper termination from prison employment. In a civil rights action such as this, a plaintiff must allege two essential elements: that the complained-of conduct (1) was committed by a person acting under color of state law, and (2) deprived the plaintiff of rights, privileges, or immunities secured by the Constitution and laws of the United States. 42 U.S.C. § 1983.

Mr. Jenner contends that his due process rights were violated by impromptu hearings known as "staffing" sessions conducted by Program staff to address an inmate's violation of a Program policy or rule. If a prisoner is found to be in violation of a Program policy or rule, he faces loss of earned time, parole eligibility, or visitation privileges. Specifically, Mr. Jenner alleges that he has

received several "staffings" for which he was given no advance notice and during which he was not allowed to be heard. Mr. Jenner argues that this lack of due process violates the Fourteenth Amendment.

When a plaintiff claims denial of due process, the court inquires into the nature of the individual's claimed interest "to determine whether due process requirements apply in the first place." *Board of Regents v. Roth*, 408 U.S. 564, 570-571 (1972). "The Due Process clause standing alone offers prisoners only a 'narrow range of protected liberty interests.'" *Abbot v. McCotter*, 13 F.3d 1439, 1442 (10th Cir. 1994) (quoting *Hewitt v. Helms*, 459 U.S. 460, 467 (1983)). Mr. Jenner does not have a protected liberty interest in visitation privileges absent any state law that establishes this interest. *Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989). Mr. Jenner does not allege an entitlement under state law to visitation privileges. Neither does he have a protected liberty interest in a particular parole hearing eligibility date. *Chambers v. Colorado Department of Corrections*, 205 F.3d 1237, 1242 (10th Cir. 2000). Mr. Jenner likewise does not have a protected liberty interest in earned time credits. The magistrate judge correctly noted that, because the Colorado statutes grant discretion to prison officials to determine whether a prisoner shall qualify for earned time credits based on behavior, those statutes do not create a protected liberty interest.

Mr. Jenner alleges that he was improperly terminated from his prison employment in violation of applicable DOC regulations after commencing the Program. He claims that this termination violates the Due Process Clause. However, Mr. Jenner does not have a constitutional right to a particular prison job. *See Penrod v. Zavares*, 94 F.3d 1399, 1407 (10th Cir. 1996). Therefore, Mr. Jenner has failed to state a claim for relief under the Fourteenth Amendment in relation to the termination of his prison employment and loss of various privileges.

Mr. Jenner further alleges that because he has sought access to the federal courts, he has been discriminated against by Program administrators in violation of the Fourteenth Amendment Equal Protection Clause. Mr. Jenner contends that those inmates who have not sought access to the courts have been released from the Program while he has been forced to remain, thereby creating a suspect class. Such a suspect class has never been recognized. Because Mr. Jenner is not a member of a protected class and has not asserted impairment of a fundamental right, he must allege facts sufficient to overcome the presumption of government rationality of the alleged discrimination. *Brown v. Zavares*, 63 F.3d 967, 971 (10th Cir. 1995). A plaintiff cannot overcome this presumption with allegations that are merely conclusory. *Id*. at 972. Mr. Jenner has not presented facts, but only conclusory allegations, and therefore cannot overcome the presumption of

government rationality. Mr. Jenner has failed to state a claim for relief under the Equal Protection Clause of the Fourteenth Amendment.

For the foregoing reasons, we **AFFIRM** the judgment of the United States District Court for the District of Colorado.

Entered for the Court


Michael W. McConnell
Circuit Judge