**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 10, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

THURMAN HARRISON, JR.,

    Plaintiff-Appellant,

v.

UNIVERSITY OF COLORADO
HEALTH SCIENCES CENTER;
PEER I THERAPEUTIC
COMMUNITY; PAUL THOMPSON;
BARBARA SANCHEZ; TRUDY,
Staff Member, Peer I; RICK, Staff
Member, Peer I; JOHN AND JANE
DOES, Staff Members,

    Defendants-Appellees.

No. 09-1049

(D.C. No. 08-cv-0398-WYD-MJW)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY, BRISCOE,** and **HOLMES**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

of this appeal.  <u>See</u> Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is, therefore, submitted without oral argument.

Thurman Harrison, Jr., a Colorado state inmate, appears pro se and seeks review of the district court's dismissal of his claims brought pursuant to 42 U.S.C. § 1983.  This court exercises jurisdiction pursuant to 28 U.S.C. § 1291, and we AFFIRM.

## I

Mr. Harrison's district court complaint alleged three grounds for relief: (1) his patient privacy rights were violated because of unauthorized releases of information; (2) his due process rights were violated because of discipline (being kept from attending work) without being informed of the charges against him; and (3) in his claim entitled "reckless endangerment," that he was subject to a hostile environment and humiliation because other individuals were told that Mr. Harrison had reported rules infractions.  Defendants are the University of Colorado Health Sciences Center, the Peer I Therapeutic Community program ("Peer I"), and various employees of Peer I.  According to defendants, Peer I is a long-term residential program for adult males with substance abuse problems. The Colorado Department of Corrections refers inmates to the program, but retains the right to return an inmate to a higher level of incarceration if the inmate does not successfully complete the Peer I program.  One of the requirements of Peer I is that the residents obtain employment.

In support of his claims, Mr. Harrison alleges that while he was a resident in Peer I, staff members of the program gave out information about him without Mr. Harrison signing a release form. Mr. Harrison also alleges the staff members at Peer I accused him of infractions without informing him of what he did wrong, which he alleges caused him to lose his job and leave the program. Mr. Harrison then alleges staff members told other residents information Mr. Harrison had given them about rules infractions, after which he suffered "abuse." (At Peer I, staff members allow residents to supervise and control other residents.)

Defendants filed a motion to dismiss Mr. Harrison's complaint. The magistrate judge, who had been referred Mr. Harrison's complaint, recommended the motion to dismiss be granted. The magistrate judge recommended: (1) dismissal of all official capacity claims on the grounds of Eleventh Amendment immunity; (2) dismissal of Mr. Harrison's claim for unauthorized disclosure of information on the grounds that the regulations implementing the Health Insurance Portability and Accountability Act (HIPAA), Pub. L. No. 104-191, 110 Stat. 1936 (1996) (codified primarily in Titles 18, 26 and 42 of the United States Code), do not create an implied cause of action; (3) dismissal of Mr. Harrison's due process claim on the grounds that Mr. Harrison did not have a protected property interest in his employment; (4) dismissal of Mr. Harrison's "reckless endangerment" claim for compensatory damages for failure to allege physical injury, as required by 42 U.S.C. § 1997e(e); (5) dismissal of Mr. Harrison's

3

"reckless endangerment" claim for nominal or punitive damages on the grounds that Mr. Harrison did not allege an Eighth Amendment violation; and (6) dismissal of pendent state law claims for lack of a viable federal claim.

Following Mr. Harrison's objection to the magistrate judge's recommendation, the district court conducted a de novo review of Mr. Harrison's claims and the magistrate judge's recommendation. The district court concluded: (1) Mr. Harrison failed to identify a private right of action for a breach of a privacy regulation for his first claim; (2) Mr. Harrison failed to identify a protectable property interest for his due process claim; (3) Mr. Harrison failed to state a viable claim for a violation of his Eighth Amendment ("reckless endangerment") claim; and (4) it would not exercise pendent jurisdiction over Mr. Harrison's state law claims. The district court then dismissed Mr. Harrison's complaint and entered judgment for defendants. On appeal, Mr. Harrison argues the same claims before this court as he did before the district court.

II

*Standard of Review*

We review de novo the district court's dismissal of Mr Harrison's official capacity claims based on Eleventh Amendment immunity. See Steadfast Ins. Co. v. Agric. Ins. Co., 507 F.3d 1250, 1253 (10th Cir. 2007) ("Eleventh Amendment immunity is a question of federal law and our review is de novo."). We also review de novo the district court's dismissal of Mr. Harrison's individual capacity

4

claims for failure to state claims for relief.[1]  See Kane County Utah v. Salazar, 562 F.3d 1077, 1085 (10th Cir. 2009) ("A district court's dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is also reviewed de novo." (internal quotations omitted)).

Mr. Harrison pursues his appeal pro se.  Because of his pro se status, Mr. Harrison's brief will be construed liberally.  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

*Eleventh Amendment Immunity*

Mr. Harrison's claims are assumedly brought pursuant to 42 U.S.C. § 1983. "Plaintiffs alleging a violation of § 1983[2] must demonstrate they have been deprived of a right secured by the Constitution and the laws of the United States, and that the defendants deprived them of this right acting under color of law."

---

[1] Pursuant to Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), a court may dismiss a complaint for failing to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) when that claim fails to plead "enough facts to state a claim that is plausible on its face."  A claim is "plausible" when the facts alleged lead to the relief requested.  Bryson v. Gonzales, 534 F.3d 1282, 1286 (10th Cir. 2008) ("This is not to say that the factual allegations must themselves be plausible; after all, they are assumed to be true.  It is just to say that relief must follow from the facts alleged.").

[2] Section 1983 provides in relevant part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . ."

5

Jenkins v. Currier, 514 F.3d 1030, 1033 (10th Cir. 2008). Defendants raise an immunity defense to Mr. Harrison's claims, however. Mr. Harrison's complaint is brought against the University of Colorado Health Sciences Center, Peer I, and four individuals. The four individually named defendants carry no specification whether they are being sued in their individual or official capacity.

The University of Colorado is a constitutionally created state entity. See Colo. Const. art. VIII, § 1 (stating that educational institutions shall be established and supported by the state as a state institution), § 5 (creating the University of Colorado as a state institution of higher education); Hartman v. Regents of the Univ. of Colo., 22 P.3d 524, 528 (Colo. Ct. App. 2000) (concluding that the University of Colorado was "an arm of the state for Eleventh Amendment purposes"). The University of Colorado Health Sciences Center is a division of the University of Colorado, and Peer I is merely a program within the Health Sciences Center.

Eleventh Amendment immunity "bars a damages action against a State in federal court." Rozek v. Topolnicki, 865 F.2d 1154, 1158 (10th Cir. 1989) (affirming the district court's conclusion that the University of Colorado was entitled to Eleventh Amendment immunity). Therefore, Mr. Harrison's claims for damages against the University of Colorado Health Sciences Center and Peer I are barred by Eleventh Amendment immunity. Assuming Mr. Harrison brings official capacity claims against the individually named defendants, these claims would be

6

treated as a claim against the University of Colorado itself and also barred. See

Moss v. Kopp, 559 F.3d 1155, 1168 n.13 (10th Cir. 2009) (stating that "an

official-capacity suit brought under § 1983 generally represents only another way

of pleading an action against an entity of which an officer is an agent" (internal

quotations and alterations omitted)).

As a result, Mr. Harrison's claims against the University of Colorado

Health Sciences Center, and its Peer I program, as well as those official capacity

claims against the individually named defendants are barred by the defendants'

Eleventh Amendment immunity.

*Violation of a Privacy Regulation*

Mr. Harrison's first claim alleges that his patient privacy rights were

violated because of unauthorized releases of information. Initially, Mr. Harrison

did not identify the pertinent laws or regulations that had been allegedly violated

by the facts alleged. Furthermore, Mr. Harrison did not respond to defendants'

motion to dismiss. The reviewing magistrate judge assumed Mr. Harrison

intended to state a claim arising from HIPAA, see 45 C.F.R. § 164.502 (governing

uses and disclosures of protected health information), but dismissed the claim

after finding that HIPAA does not expressly provide a private cause of action, see

42 U.S.C. § 1320d-5(a)(1) (providing civil penalties for enforcement of HIPAA);

§ 1320d-6 (providing criminal penalties).

In his objection to the magistrate judge's recommendation, Mr. Harrison

7

abandoned any claim under HIPAA, but asserted his claim relied on the "Mental Health Act." The district court found that Mr. Harrison had failed to properly plead any regulation that provided a private cause of action and dismissed the claim.

On appeal, Mr. Harrison now identifies two potential sources for his first claim, 5 U.S.C. § 552(a) and 42 C.F.R. Part 2. Neither could possibly provide a basis for Mr. Harrison's first claim. Section 552(a) governs public information from federal agencies, not state agencies. The University of Colorado Health Sciences Center is, of course, a state agency. And, while 42 C.F.R. Part 2 does govern the confidentiality of drug and alcohol abuse patient records, these regulations apply to federally assisted alcohol and drug abuse programs, and Mr. Harrison has not alleged that the Peer I program is federally assisted.

The district court was correct to dismiss Mr. Harrison's first claim under Fed. R. Civ. P. 12(b)(6).

*Due Process*

Mr. Harrison's second claim alleges his due process rights were violated because he was kept from attending work without being informed of disciplinary charges against him. The magistrate judge found that Mr. Harrison did not possess a property interest in his prison employment. See Ingram v. Papalia, 804 F.2d 595, 596-97 (10th Cir. 1986) (concluding there is no property interest in prison employment). In response, Mr. Harrison alleged his employment was

8

private employment. The district court then found that Mr. Harrison had not stated a property interest in his employment under Colorado law either. See id. at 597 ("Colorado law does not create a protected property or liberty interest to either employment in any particular job or continued employment in any particular job.").

In his briefing before this court, Mr. Harrison acknowledges that his employment was at-will. See, e.g., Aplt. Br. at 9 ("it's true in prison and the State of Colorado a person does not have a property interest in employment"); Aplt. Reply at 5 ("It is true that Mr. Harrison had a[n] at will employment, but his will was stop[ped] by Peer I without a hearing and without reason. It's true that Mr. Harrison does not have a right to any particular job, but he does have a right to a hearing as to why the facility would not allow Mr. Harrison to attend his employment."). As a result, we need not consider this claim any further. See, e.g., Hyde Park Co. v. Santa Fe City Council, 226 F.3d 1207, 1210 (10th Cir. 2000) ("[T]o prevail on either a procedural or substantive due process claim, a plaintiff must first establish that a defendant's actions deprived plaintiff of a protectible property interest.").

The district court was correct to dismiss Mr. Harrison's second claim under Fed. R. Civ. P. 12(b)(6).

### *"Reckless Endangerment" Claim*

Mr. Harrison's third claim, entitled "reckless endangerment," alleges that

he was subject to a hostile environment and humiliation because other individuals were told that Mr. Harrison had reported rules infractions. Both the magistrate judge and district court analyzed this as a claim under the Eighth Amendment.

"We have held that the failure to protect inmates from attacks by other inmates may rise to an Eighth Amendment violation if the prison official[']s conduct amounts to an obdurate and wanton disregard for the inmate's safety." Northington v. Jackson, 973 F.2d 1518, 1525 (10th Cir. 1992). Here, Mr. Harrison alleges that he was "in a hostile environment which cause[d] mental distress and loss of consortium" and that he suffered "name calling, humiliation, and abuse." ROA Vol. 1 at 56.

Mr. Harrison's allegations are insufficient to state an Eighth Amendment claim. He makes his conclusory allegations without alleging any facts supporting his claim that he was "abused" and he alleges no actual or threatened harm from his fellow inmates, simply that he sensed hostility from them. This is insufficient to state an inciting violence Eighth Amendment claim. See Northington, 973 F.2d at 1525 (concluding that prisoner had stated an Eighth Amendment claim where prisoner claimed that prison official incited inmates to beat prisoner); see also Purkey v. Green, 28 F. App'x 736, 745 (10th Cir. Aug. 17, 2001) (unpublished) (stating that "[a] prisoner states an Eighth Amendment violation by alleging that a prison official intended to cause him serious harm by inciting other inmates to do violence against him" and permitting claim based on allegation that prison guard

10

intended to seriously harm the prisoner by inciting inmates to beat him, where four or five "inmates actually confronted plaintiff and threatened to kill him"); Jenner v. McDaniel, 123 F. App'x 900, 904 (10th Cir. Feb. 17, 2005) (unpublished) (stating that "[t]o prove a violation of a prison official's constitutional duty to protect inmates from violence at the hands of other inmates, a plaintiff must establish that he is incarcerated under conditions posing a substantial risk of serious harm and that the defendants were deliberately indifferent to his need for protection" and concluding that the prisoner's allegations that he was "labeled a rat" and "faced retaliation from inmates" were insufficient to state an Eighth Amendment claim (internal quotations omitted)).

The district court was correct to dismiss Mr. Harrison's third claim under Fed. R. Civ. P. 12(b)(6).

*State Law Claims*

Finally, the district court refused to exercise pendent jurisdiction over any state law claims alleged by Mr. Harrison. Because we find that the district court properly dismissed Mr. Harrison's federal claims, it could properly dismiss any state-law claims alleged by Mr. Harrison. See 28 U.S.C. § 1367(c)(3) (permitting district courts to decline supplemental jurisdiction over state-law claims when "the district court has dismissed all claims over which it has original jurisdiction").

11

III

We AFFIRM the district court's dismissal of Mr. Harrison's complaint. Mr. Harrison is reminded of his continuing obligation to make partial payments toward his appellate filing fee until the entire balance of the appellate filing fee is paid in full.  See 28 U.S.C. § 1915(b)(1)-(2).

Entered for the Court,

Mary Beck Briscoe
Circuit Judge